(Decided 19th July, 1867.)

JOHN DAVIS *vs.* SAMUEL D. FURLOW'S Lessee.

*Deed—Title to Land—A person cannot derive Title under a Deed to lands, not conveyed thereby—Disseisin—Prayers and Instructions—Practice—Adverse possession—Code.*

A deed relied on by a defendant in ejectment, conveyed certain parcels of land therein described, not comprising the land in controversy, and not professing to convey any land held by the grantor by mere possession without color of title. HELD:

That any such possession by the grantor, or others under whom the grantee claimed title by the deed, could not enure to the benefit of the grantee.

A disseisin cannot be committed by mistake, because the intention of the possessor to claim adversely is an essential ingredient of a disseisin.

Where a defendant asked three instructions to the jury, two of which were rejected and the third was granted, and the instruction granted covered the case of the defendant, and placed it before the jury as favorably as he was entitled to have it, the rejection of the other two instructions, even if they were free from objection, would be no cause for reversal.

Title to lands by possession, can only be acquired where the possession was held adversely and with claim of title.

Under Article 57, section 9, of the Code of Public General Laws, in order to bar the right to lands derived under a patent from the State, such possession for twenty years must be shown, as would bar the right of entry of a private person holding the paper title.

APPEAL from the Circuit Court for Allegany County.

This was an action of *Ejectment* brought by the appellee against the appellant. Such of the facts as are material to the case presented by the appeal, are stated in the opinion of the Court.

The plaintiff offered seven prayers, all of which, except the first and second, were rejected by the Court below, (WEISEL, J.,) and no appeal was taken from such rejection. The two prayers which were granted are as follows :

1st. The plaintiff, by his counsel, prays the Court to instruct the jury, that if they shall find from the evidence in the cause, that the title to the lands described in the deed from Andrew Bruce to the Cumberland Bank of Allegany, and located on the plats in this cause, was conveyed to said Cumberland Bank by the execution of said deed, and that the said deed did not contain the lands in controversy in this cause, then no presumption of title in said bank can be made to the lands now in controversy, from the fact of said conveyance by said deed or from the previous possession of the lands so in controversy, by those holding or possessing the same prior to the execution of said deed.

2d. And further, if they shall also find in addition to the above facts that the said Cumberland Bank had the lands now in controversy, in possession by actual inclosure, from the time of the execution of said deed till the year 1857, without knowing that any lands outside of the lines of said deed were inclosed, supposing that the said inclosures corresponded with said lines, and without intending to hold any lands outside of the lines of said deed by adversary possession, then such possession, even by inclosures, does not toll the right of entry in the plaintiff, or prevent his recovery in this cause.

And the defendant asked the following instructions :

1st. If the jury shall believe from the evidence in the

cause, that the defendant and those under whom he claims, held the two pieces of land as designated on the plots as " Defendant's Possession No. 1 and No. 2," for twenty years before this action was brought, such possession is a bar to all right or claim derived from the State, under the patent from John Hoye and those claiming under him, and the plaintiff is not entitled to recover in this action the land located on the plots as aforesaid, as Possession No. 1 and No. 2.

2d. If the jury shall believe from the evidence in the cause, that the defendant and those under whom he claims, held possession of the land in controversy for twenty years before this action was brought, no matter whether that possession is evidenced by inclosure for twenty years,—by partial and uninterrupted inclosure,— by sparsim cutting over said land, by user, by occupation, or by all or either of the aforesaid means ; if the jury shall believe from the evidence, that the defendant and those under whom he claims, exercised those acts as proved by the defendant, and had held possession of the land in controversy by said acts for twenty years before this action was brought, such acts, if the jury believe them, amounts to possession, and such possession is a bar to all right or claim derived from the State of Maryland, under the patent for the tract of land called " Part of the First Part of Moskwa Resurveyed," and that the plaintiff is therefore not entitled to recover in this action.

3d. If the jury shall believe from the evidence in the cause that the defendant and those under whom he claims, have been in exclusive possession for twenty years before this action was brought, of the two pieces of land located on the plots as " Defendant's Possessions No. 1 and No. 2," by actual inclosure, claiming the same, such possession is a bar to the plaintiff's right to recover said pieces of land so located as Possession No. 1 and No. 2.

The Court rejected the first and second and granted the

third of the defendant's prayers. The appeal in this case is taken from the granting of the plaintiff's first and second prayers and the rejection of the defendant's first and second prayers.

The cause was argued before Bowie, C. J., Bartol and Crain, J.

*Thomas J. McKaig,* for the appellant.

The plaintiff's first and second prayers ought not to have been granted, because, instructing the jury, " that no presumption of title in said bank, can be made to the land now in controversy, from the previous possession of the lands in controversy, by those holding or possessing the same, prior to the execution of said deed,"—took from the jury the right to find whether the said possessions were or were not part of said farm. The sheriff's deed having conveyed " the farm on which Thomas Monnett now resides," and also " the said tracts of land and *real estate aforesaid,*—was a sufficient description to carry the farm." *Joice's Lessee vs. Harris,* 1 *H. & M'H.,* 196 ; *Blessing vs. House's Lessee,* 3 *G. & J.,* 307 ; *Buchanan's Lessee vs. Steuart,* 3 *H. & J.,* 329.

The instructions in the second prayer were calculated to mislead the jury, by saying, " without knowing that any lands outside of the lines of the said deed were inclosed." There was no evidence in the case to show, that the bank did not know that the lands in controversy, *were outside of the lines of* the said deed,—the deed gave no lines, but simply the names of certain tracts, and then, for a more certain description, said, " being the farm on which Thomas Monnett now resides ," and the evidence shows, that these lands or possessions, Nos. 1 and 2, *were always held and used as part of the farm;* for the jury might well suppose, that it meant outside of the tracts named, whether it embraced the whole or only a part of the farm. Also,

because Davis was entitled to hold "the farm on which Thomas Monnett resided, even if he could not locate the separate tracts of which the farm was composed; Davis was in possession under a *claim of title*, and inclosures were not necessary. He was a mere *tort feasor*.

The fact that Monnett, the Bank, and Davis, held the lands by inclosures, as part of the farm, is evidence of an adverse holding, and Hoye and the appellee had acquiesced in that holding, from March, 1841, to the bringing the suit.

The defendant's first and second prayers ought to have been granted, because Davis, to say the least, was in *under a color of title*,—not as a mere *tort feasor*, and therefore, inclosures were not necessary to give color of title: it is not necessary that title should be good and valid,—any title is sufficient which shows, that he did not mean to be a mere trespasser. *Brooks vs. Neale, MS. Dec.*, 1829; *Dorsey on Eject.*, 40, *note*.

By the provisions of the Act of 1818, ch. 90, (Article 57, section 9, of the Code of Public General Laws,) it is enacted, "that whenever land shall be taken up under a common or special warrant, or warrant of resurvey, any person may give in evidence under the general issue, his, her or their possession thereof, and if it shall appear in evidence, that the person or those under whom they claim have held the lands in possession for twenty years before action brought, such possession shall be a bar to all right or claim derived from the State, under any patent," &c.

The testimony shows, that Nos. 1 and 2 were held as part of this farm from 1814 to suit brought,—46 years—from the time the bank got possession under Bruce's deed, April 12th, 1825,—35 years. The witnesses all testify, that the possession was marked and unmistakable, for it was by enclosure,—a few feet from the farm dwelling house, and embraced the spring and spring house,—in cultivation, and constant user,—no evidence of possession

could be stronger or more conclusive. If the legislature had intended that *possession* could only be proved by "*inclosure,*" it would have inserted "by inclosure," after the word "possession." The legislature manifestly intended any kind of possession that was clear, by fixed boundaries, no matter whether it was evidenced by inclosure or not. That there were fences around the land in dispute from 1814, all agree, but whether those fences at all times were kept up, was a question on which the witnesses differed. But even admitting the fences were thrown down when the canal hands were engaged in hauling stone to the Canal, that would form no interruption to the possession.

The only question then is on the defendant's prayers; will the Court interpolate the words "*by continuous enclosure,*" after the word "possession," in the Act of 1818? See the cases of *Mitchell vs. Mitchell,* 1 *Md. Rep.,* 53; *Dorothy vs. Hillart,* 9 *Md. Rep.,* 570.

*J. H. Gordon,* for the appellee.

The defendant having no paper title, rests his defence upon adversary possession. The first part of the first prayer of the plaintiff puts the proposition, "that no presumption of title in the Cumberland Bank could be made to the lands in controversy, from the fact that the bank had a deed which did not convey the lands in controversy." I think that is self-evident, and cannot be made clearer by argument.

The second or alternative proposition of the first prayer is: That no presumption of title to the lands in controversy can be made in favor of the bank from the previous possession of the lands in controversy, by those holding or possessing the same, prior to the execution of the deed to the bank. The evidence shows, that Monnett and the parties under whom the bank claimed the lands described in the deed, held and possessed the lands described in the

deed, for a number of years before the sale by the sheriff to the bank, and that they also had exercised some acts of possession over the lands in controversy, and had them enclosed. But there is no evidence to show that they held or claimed the lands in controversy by color of title. And as the bank got no conveyance of the possessory claim of Monnett, no presumption of title could arise in favor of the bank, for the lands held by Monnett. Suppose that Monnett. had had a good title in fee-simple to the lands in controversy, by adversary possession, or by deed, could the Court say that that title passed ·from Monnett to the bank by a deed which does not convey it? Certainly not. And if a fee could not pass by a conveyance, that did not contain it, a less interest could not. Therefore, whatever rights Monnett had to the lands in controversy, did not pass to the bank, and the prayer must be sustained.

The second·prayer goes upon the ground that the bank did not know that it had any lands enclosed that were not within the lines of its deed, and that the bank did not intend to hold any lands outside of the lines of its deed by adversary possession, and that a holding by enclosure without knowledge, and without an intention to hold adversely, does not toll the right of entry, or prevent a recovery. To constitute adverse possession, there must be possession under color and claim of title. *Adams on Eject.*, 552, *Appendix; Jackson ex dem. Ten Eyck vs. Frost*, 5 *Cowen*, 350 ; *Smith vs. Burtis*, 9 *John. Rep.*, 174, 177, 179 ; *Jackson ex dem. of Young vs. Ellis*, 13 ·*John. Rep.*, 118 ; *Jackson vs. Wheat*, 18 *John.*, 44 ; *Jackson vs. Newton*, 18 *John.*, 355 ; *Tasker's Lessee vs. Whittington*, 1 *H. & McH.*, 151; *Moon vs. Brown*, 11 *Howard*, 414, 432.

The second prayer· is rightly granted, because the adverse holding must be knowingly and designedly taken and held. 2 *Greenleaf on Ev.*, 430 ; *Kinkaird vs. Scott*, 12 *John. Rep.*, 368 ; *Ricard vs. Williams*, 7 *Peters*, 59 ;

*Cresap's Lessee vs. Hutson*, 9 *Gill*, 269, 278; *Brown vs. Gay*, 3 *Greenleaf*, 126; *Ross vs. Gold*, 5 *Greenleaf*, 204, 212; *Gates vs. Butler*, 3 *Humph.*, 447.

The defendant's prayers were rightfully rejected. The title to the lands in controversy was in the State, till granted to Hoye in 1841, and limitations could not run till after the patent issued, and therefore the possession of Monnett could not inure to create a title in the bank; and the act of 1818, ch. 90, does not assist the defendant, because he does not show himself within its provisions. *Mitchell's Lessee vs. Mitchell*, 1 *Md. Rep.*, 44.

The defendant's first prayer is defective. The proposition put by it is, " if they believe that the defendant, and those under whom he claims, *held the two pieces of land as designated on the plots as Defendant's Possession No.* 1 *and No.* 2, for twenty years before the action brought, such possession is a bar. It does not leave it to the jury to find whether it was held under the plaintiff, or whether the holding was adverse or by claim of title, or how it was. It should submit to the finding of the jury all the elements from which they could find such a possession as would bar the recovery. *Thistle et al. vs. The Frostburg Coal Co.*, 10 *Md. Rep.*, 129.

The defendant's second prayer is liable to the same objection; it does not submit to the finding of the jury, whether the possession was adverse, and with claim of title. The defendant may have done all the acts put by the prayer to be found by the jury, and have possession by those acts, and yet his possession may have been under Hoye, and not adversary at all. *Thistle et al. vs. The Frostburg Coal Co.*, 10 *Md. Rep.*, 147.

The defendant's third prayer, granted by the Court, covers the whole case, and gives the defendant a more favorable instruction than he was entitled to, and there is therefore no error in rejecting the first and second prayers. *Mut. Saf. Ins. Co. vs. Cohen*, 3 *Gill*, 459; *New York Life Ins. Co. vs. Flack*, 3 *Md. Rep.*, 341.

BARTOL, J., delivered the opinion of this Court.

The questions for decision on this appeal arise upon the prayers. The suit was brought on the 20th of March, 1860. The appellee was plaintiff below, and claimed title to the land in controversy, under a patent from the State granted to John Hoye, on the 30th of March, 1841, and a deed from Hoye's executor, dated the 13th of March, 1860. There is no dispute about locations, and under the patent and deed, it being admitted in the cause that Hoye's executor had power to convey; the paper title is in the plaintiff. The defence to the action rests upon a claim by adversary possession, and to maintain this the defendant gave in evidence a deed from Andrew Bruce, sheriff, to the Cumberland Bank of Allegany, dated the 12th of April, 1825, purporting to convey certain lands seized and sold under an execution as the property of one Thomas Monnett; the judgment, execution, levy and sale being admitted to be regular, and the production of the judgment and execution being waived: also, a deed from the bank to the defendant, dated the 21st of April, 1857, conveying the same lands, and a subsequent deed from the bank to the defendant, dated the 27th of March, 1863, conveying by metes and bounds the two parcels of land in dispute, and which are embraced in the lines of John Hoye's patent of March, 1841.

Evidence was also offered by the defendant of the possession of the land in controversy by Thomas Monnett, and by the bank after it obtained the deed from the sheriff. It appeared from the location of the lands described in the deed from Bruce to the bank, that the land in controversy was not embraced therein, and the Circuit Court instructed the jury, if they found that fact—" then no presumption of title in said bank can be made to the lands now in controversy, from the fact of said conveyance by said deed, or from the previous possession of them by those holding or possessing the same, prior to the exe-

cution of said deed." These propositions are contained in the first prayer of the plaintiff, and in our opinion there was no error in granting it.

It is very clear that the bank could derive no title under the deed to any lands not conveyed thereby. The property conveyed by the deed consisted of certain parcels of land therein described, not comprising the land in controversy; it does not profess to convey any land held by Monnett by mere possession, without color of title; it is very clear, therefore, that any such possession by Monnett or others, under whom the bank claimed title by the deed, could not enure to the benefit of the bank.

The second prayer of the plaintiff asserts, that if "the bank had the lands now in controversy, in possession by actual inclosure from the time of the execution of the sheriff's deed, till the year 1857, without knowing that any lands outside of the lines of said deed were inclosed, supposing that the said inclosures corresponded with said lines, and without intending to hold any lands outside of the lines of said deed by adversary possession, then such possession, even by inclosures, does not toll the right of entry in the plaintiff or prevent his recovery in this cause." This prayer was also properly granted. " A disseisin cannot be committed by mistake, because the intention of the possessor to claim adversely is an essential ingredient of a disseisin." *Ross vs. Gould,* 5 *Greenl.*, 212. "It is the claim of title that makes the possession of the holder of land adverse to all others." *La Frambois vs. Jackson,* 8 *Cow.*, 603. The same principle was recognized by the Court of Appeals, in 9 *Gill*, 278, *Cressap vs. Hudson.* The other prayers of the plaintiff having been rejected, it is unnecessary to notice them.

The defendant asked three prayers, of which the third was granted, the other two rejected. By the third prayer the jury were instructed "that if they believed, from the evidence, that the defendant and those under whom he

claims, have been in exclusive possession, for twenty years before this action was brought, of the land in controversy, by actual inclosure, claiming the same; such possession is a bar to the plaintiff's right to recover."

This instruction covers the case of the defendant, and places it before the jury as favorably as he was entitled to; and this being so, the rejection of the first and second prayers, even if they were free from objection, would be no cause for reversal. 3 *Gill*, 459; 3 *Md.*, 341. Many other cases might be cited in support of this proposition. But, in our opinion, the first and second prayers were both fatally defective, in omitting to set out the essential elements necessary to constitute a good title by possession.

The first prayer states that "if the defendant and those under whom he claims *held* the lands in controversy for twenty years before this action was brought, such possession is a bar to all right or claim derived from the State, under the patent to John Hoye and those claiming under him, and the plaintiff is not entitled to recover."

This prayer is defective in not leaving it to the jury to find that the possession was held adversely, and with claim of title. According to our construction of the 9th section, 57th Article, of the Code, to bar the right to lands derived under a patent from the State, such possession for twenty years must be shown, as would bar the right of entry of a private person holding the paper title.

The second prayer failed also to submit to the jury to find that the possession was adverse and with claim of title, and was therefore properly refused.

*Judgment affirmed.*

(Decided 19th July, 1867.)