JACOB NEWMAN and JOHN REICHARD *vs.* AMOS YOUNG'S Lessee, use of ALEXANDER SHAFER and MARTIN EAKLE.

*Evidence in Ejectment—Ejectment—Adverse possession by actual inclosure.*

In an action of ejectment, the declaration particularly set out the claim of the plaintiff for a tract of land, called "Slack Water," described in the patent which was admitted in evidence. The defendants declining to take defence on warrant, pleaded not guilty, and having given in evidence a patent for a tract of land, called "Chew's Farm," issued on the 23d of June, 1736, and also sundry mesne conveyances, showing that the title to parcels of said tract, had devolved upon the defendants, offered in connection therewith to prove by the parol testimony of surveyors and others, that the parcel of land sued for, called "Slack Water," was embraced within the lines of the original patent of "Chew's Farm," and also within the lines of the several mesne conveyances under which the defendants claimed. HELD:

That under the pleadings, the location of the land claimed by the plaintiff, was admitted to be correct, and the testimony was inadmissible for the purpose for which it was offered.

In order to bar the right of a plaintiff in ejectment, claiming under a patent issued by the State upon a special warrant of re-survey, the defendants, without possession under color of title, of the lands in controversy, by themselves, or those under whom they claim, must show twenty years exclusive, adverse possession by actual inclosure.

APPEAL from the Circuit Court for Washington County.

This was an action of *ejectment,* brought on the 12th of February, 1863, by the appellee against the appellants, to recover a certain tract or parcel of land, called "Slack Water," lying in Washington county, and containing eighty-five and one-fourth acres, more or less, with the appurtenances. The trial was had on the plea of "not guilty." Five bills of exception were taken by the defendants—four to the rejection of testimony offered by them, and the fifth to the ruling of the Court, in granting the prayer of the plaintiff and reject-

ing the prayers of the defendants. The verdict and judgment being for the plaintiff, the defendants appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON and ROBINSON, J.

*William T. Hamilton,* for the appellants.

*Andrew K. Syester,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This appeal was taken by the defendants. In support of the action, the plaintiff gave .in evidence a certificate of the surveyor made in execution of a special warrant of re-survey, and a patent issued thereon to Amos Young, the plaintiff's lessor, for the tract of land described in the *nar.*, called "Slack Water," and then offered evidence that the same was timber land lying along the Potomac river, between the river and cultivated lands, from which it was separated by a fence, and that twenty years before the trial (or about the year 1843,) it was unenclosed.

The warrant of re-survey was issued on the 10th of November, 1845; and the patent to Young, on the 4th of January, 1847.

The defence was under the plea of "not guilty."

The defendants having given in evidence a patent for a tract of land called "Chew's Farm," issued to Samuel Chew, on the 23d day of June, 1736, containing 5,000 acres; and also sundry *mesne* conveyances, showing that the title to parcels of "Chew's Farm" had devolved upon the defendants, offered in connexion therewith, to prove by the parol testimony of surveyors and others, that the parcel of land sued for called "Slack Water," was embraced within the lines of the original patent of "Chew's Farm," and also within the lines of the several *mesne* conveyances under which the defendants claimed.

The rejection of this evidence by the Court below forms the subject of the *first, second,* and *fourth* bills of exception. The reason for its rejection, as stated in the bills of exception, was "that there were no plats or locations in the cause," and we think this ruling of the Circuit Court was correct.

The declaration having particularly set out the claim of the plaintiff for the tract of land described in the patent made to Amos Young; its location as shown thereby, and by the certificate and return of the surveyor, was admitted by the pleading to be correct. *Tongue vs. Nutwell,* 17 *Md.,* 229; *Addison vs. Hack,* 2 *Gill,* 225.

Under the law and practice in this State, when parties set up adverse claims to land under different titles, the only mode of pointing out to the jury the land actually embraced within the lines and boundaries described in patents, deeds, or other title papers, is by plats and locations; by that means alone could there be furnished to the jury any certain evidence upon which they could form a verdict.

The parol evidence offered in the first, second and fourth exceptions to prove that the tract called "Slack Water," was actually embraced within the lines of the patent of "Chew's Farm," or within the lines of the several *mesne* conveyances, under which the defendants claimed, was incompetent and inadmissible for that purpose. *Mundell vs. Perry,* 2 *G. & J.,* 193; *Budd vs. Brooke,* 3 *Gill,* 198; *Clement's Lessee vs. Ruckle,* 9 *Gill,* 326; *Clary vs. Kimmell,* 18 *Md.,* 246.

In *Clary vs. Kimmell,* it was decided that the laws and practice regulating surveys and locations, were not changed in this respect by the Act of 1852, ch. 117, (Code, Art. 75, sec. 53.)

We concur also with the Circuit Court in the opinion that the evidence that the land in controversy had been known and called "Galloway's land," as set out in the third exception, was inadmissible, the same not being relevant to any issue in the cause, or tending in any manner to elucidate the questions involved.

The fifth exception brings before us the rulings of the Circuit Court upon the prayers, and presents the question of the proper construction of the word "possession," in the Act of 1818, ch. 90, (Code, Art. 57, sec. 9.)

. That Act provided that to bar the title acquired from the State under a common or special warrant, or warrant of resurvey, any person might give in evidence under the general issue, his possession and the possession of those under whom he claims, for twenty years before action brought.

The meaning of the term twenty years possession, as quieting the title to lands, was well known and defined in the law when the Act of 1818 was passed, and must be taken to mean in the Act what it was understood by the Courts when the Act was passed. This is not an open question.

. In *Davis vs. Furlow's Lessee*, 27 *Md.*, 536, it was held, that in order to bar the right to lands derived from the State, such possession for twenty years must be shown as would bar the right of entry of a private person holding the paper title.

In this case there is no evidence of possession under color of title of the lands in controversy, by the defendants or those under whom they claim; and, therefore, it was necessary for them in order to bar the right of the plaintiff's lessor, to show twenty years exclusive, adverse possession by actual inclosures. See *Morrison & Kildow vs. Hammond's Lessee*, 27 *Md.*, 604 *and* 618, and cases there cited.

For this reason there was no error in granting the prayer of the plaintiff, and in refusing the first, second, third, fourth, fifth, sixth and seventh prayers of the defendants. In passing upon this question, we make no reference to the Act of 1852, ch. 117, sec. 2, (Code, Art. 75, sec. 52,) because that Act cannot apply to the present case.

It was held in *Thistle vs. the Frostburg Coal Co.*, 10 *Md.*, 129, 144, that the Act of 1852 could not have a retroactive operation, so as to divert the title to property acquired before the Act was passed.

If the patent to Amos Young, in 1847, gave to him a good title, notwithstanding the previous acts of possession by the defendants, and those under whom they claim—there being no evidence of actual inclosures, or that they held under color of title,—then the right of Amos Young, so acquired, could not be defeated or divested by the Act of 1852.

We find no sufficient cause for a reversal of the judgment in the rejection of the defendants' eighth prayer. The proposition that land abutting upon a river may be entirely inclosed by fencing upon the other three sides, the river on one side forming a natural inclosure, may, in some instances, no doubt, be correct; but in the terms in which the eighth prayer was framed it could not properly be granted.

It appears as a mere abstract proposition, having no application to the case, and is wholly indefinite as to the length of time during which such inclosures were supposed to exist. There was no evidence in the cause, so far as the bills of exception disclose, legally sufficient to go to the jury of an adverse possession by inclosures on the part of the defendants, to bar the right of the plaintiff's lessor under the patent of 1847.

*Judgment affirmed.*