## DOMINICK DI LEGGE et al. *vs.* JOHN H. PEPER.

*Adverse Possession—Land Acquired By—Transfer—Public Land—Patentability.*

Under a deed purporting to convey merely land held by the grantor under color of title, the grantee cannot claim other land to which the grantor was entitled merely by adverse possession, without color of title.                                    pp. 269, 270

Under Code, art. 54, sec. 25, authorizing "any vacant land, whether cultivated or uncultivated," to be taken up and patented, it is no objection to the issuance of a patent for land that a part of the land has at times been cultivated.      pp. 270, 271

*Decided May 13th, 1925.*

Appeal from the Commissioner of the Land Office.

Caveat proceeding by Dominick Di Legge and Mary Di Legge, his wife, against the issuance of a patent for certain land to John H. Peper. From an order overruling the caveat, and ordering the patent to issue, the caveators appeal. Affirmed.

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Digges, Parke, and Walsh, JJ.

*William H. Lawrence,* with whom were *Ridgely P. Melvin* and *Paul R. Kach* on the brief, for the appellants.

*Daniel S. Sullivan,* for the appellee.

Pattison, J., delivered the opinion of the Court.

On the 26th day of September, 1923, the Land Commissioner of Maryland issued to the surveyor of Baltimore County a special warrant to survey for and in the name

of the appellee, John H. Peper, "one acre, more or less, of vacant land, be the same cultivated or otherwise," in the fourteenth election district of Baltimore County, Maryland.

On the 25th day of March, 1924, the surveyor returned his certificate of survey, in which he described the land surveyed by him under the warrant, by metes and bounds, courses and distances, and with his return filed a plat showing that the land so surveyed contained four and ninety-nine one hundreds acres, more or less, and designating it thereon as "Peper's Chance." On April 12th, 1924, the appellants filed a caveat against the issuance of a patent therefor upon two grounds: (1) that the land described in the surveyor's certificate is comprehended within the lines of the appellants' deed or deeds by which a fee-simple title therein was conveyed, and (2) adverse possession in the appellants and their predecessors in title.

The answer of the appellee, filed on July 9th, 1924, denied the allegations of the caveat, and, after hearing on the caveat, the commissioner, on the 25th day of August, 1924, passed his order overruling the caveat and ordering the patent to issue. This appeal is from that order.

The statute of this State, article 54, section 25, of the Public General Laws of Maryland, under which a special warrant was obtained, is as follows: "Any vacant land, whether cultivated or uncultivated, and any land which has escheated by reason of the last owners in fee simple dying intestate thereon and without heirs may be taken up by any person by complying with the provisions herein contained."

The deed mentioned by the appellants in their caveat, which, as claimed by them, comprehends the land involved in these proceedings, is the deed to them from Frederick Rosengarn and wife, dated October 18th, 1922, and by it three distinct parcels of land, described by metes and bounds, courses and distances were conveyed to them, containing, respectively, 18½, 7½ and 5 acres of land, more or less.

As disclosed by the record, the land in dispute is not included within any of these particularly described parcels of

land, nor is it so contended by the appellants, but it is claimed by them that it was *intended* to be embraced within the five-acre parcel contained in said deed, which lies adjacent thereto on the west, but was inadvertently omitted therefrom, though it is not claimed that the grantors ever had any record title to the land in question. The only title claimed for them was that said to have been acquired by adverse possession. In answer to this claim, it may be said that the evidence, without stating it, fails to support the claim so made, but if the facts were sufficient to establish title in them by adverse possession, the title so acquired by them was never conveyed to the appellants, as shown by said deed to them, and, therefore, the alleged possession by Rosengarn under whom the appellants claim title by the deed mentioned, could not enure to their benefit.

This question was presented and decided in *Davis v. Furlow,* 27 Md. 536. In that case, the defense to an action of ejectment rested upon a claim by adversary possession. The defendant had acquired the property by deed from the Cumberland Bank of Allegany, which had acquired its title by deed from the sheriff of that county under a sale made by him on an execution upon a judgment against one Monnett. The Court there said: "It is very clear that the bank could derive no title under the deed to any lands not conveyed thereby. The property conveyed by the deed consisted of certain parcels of land therein described, not comprising the land in controversy; it does not profess to convey any land held by Monnett by mere possession, without color or title; it is very clear, therefore, that any such possession by Monnett or others, under whom the bank claimed title by the deed, could not enure to the benefit of the bank."

The further claim was made in the argument, though not found in the record, that the land in question was not vacant land, the chief ground therefor being that a part of said land had at times been cultivated, and because of such fact, it cannot be held to be vacant land. If this contention be treated as properly before us, we think it is without force.

The language of the act is that "any vacant land, whether *cultivated* or *uncultivated*," may be taken up under the statute by complying with its provisions, thus recognizing the fact that *cultivated* land may be "vacant land" within the meaning of the statute. It may also be said that at one time, before the abolition of the common warrant, a special warrant was used only when the object sought thereby was to take up *cultivated* land. *Hammond v. Norris,* 2 H. & J. 140.

In view of what we have said, we find no error in the passage of the order appealed from.

*Order affirmed, with costs.*