RIDGELY *v.* LEWIS ET UX.

[No. 148, October Term, 1953.]

564

*Decided May 25, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Kenneth C. Proctor* for the appellant.

*Norwood B. Orrick,* with whom was *Robert R. Bair* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

This appeal was decided, in effect, by three decisions of this Court handed down after the suit was filed below.

In this suit in ejectment to test title to some thirteen acres of land located on the Dulaney Valley Road, north

of Pot Spring Road, in the Eighth Election District of Baltimore County, the parties are in agreement as to the facts, most of which were stipulated, and differ as to the law only on one point. The land in dispute has been consistently referred to as Parcel A and we shall adopt that designation.

The plaintiff in the suit is David Stewart Ridgely, the appellant, who of record is a part owner of Parcel A. The defendants, the appellees here, are Zachary R. Lewis and Anita W. Lewis, his wife, who claim the land by adverse possession. The trial court, sitting without a jury, found that the appellees had acquired the land by adverse possession and gave a verdict in their favor. The appeal is from the judgment on that verdict.

Parcel A had originally been owned by the Ridgely family and was part of a larger tract known as Hampton. By virtue of partition proceedings in 1832, record title was vested in John Ridgely of Hampton. Since that time, no description containing Parcel A has appeared on the land records of Baltimore County. By reason of various inheritances, undivided interests in the record title to Parcel A are vested in various members of the Ridgely family, including the appellant. The record title to the land adjoining Parcel A on the north and west was held by Mrs. Rebecca C. D. Warfield from the year 1909 until the date of her death in 1949. Mrs. Warfield devised this land to her daughter, Mrs. Anita W. Lewis, one of the appellees, who now holds the record title. It appears that Anita W. Lewis and her predecessors in title have been in possession of Parcel A at least since 1853. There are indications in old papers that an exchange of lands was contemplated about that time between Charles Ridgely of Hampton, the son of John Ridgely of Hampton, and Dr. Henry, a predecessor in title of Anita W. Lewis. If the exchange had been made, it would have straightened out an irregular boundary line and put record title to Parcel A in Dr. Henry. In 1904, partition proceedings were instituted to construe the will of Charles Ridgely, and in that proceeding, the

lands known as Hampton were partitioned and allotted among six persons. Somehow Parcel A was overlooked completely in the partition proceedings and was not included, in whole or in part, in the parcels allotted to the persons interested. A plat and surveyor's notes dated 1853 indicate that a fence ran along a line which was considered in the 1904 proceedings as one of the western boundaries of Hampton, and this fence seemingly separated Parcel A from the rest of that estate. It was proven by the appellees, Mr. and Mrs. Lewis, and two neighbors, Major Stryker and Mr. John Ridgely, a brother of the appellant, that from 1909, at least, Parcel A had been included in a larger field used by the appellees and their predecessors in title. Parcel A as such was not enclosed by a fence, but the larger field, which included it, was enclosed, a part of the fence extending along the east line of Parcel A. Since 1909, the appellees and their predecessors in title have used the large field, which included Parcel A, as pasture with the exception of one or two years when a portion of Parcel A and of the larger field was under cultivation. None of the witnesses had ever heard of anyone asserting a claim to Parcel A adverse to the apparent title of the appellees and their prodecessors in title.

It is agreed—correctly, we think,—that the only issue in dispute is the appellant's right of possession, since he has the paper title. Both sides say, and again we think correctly, that for possession to be adverse and to bar a right of entry after twenty years from the time that right accrued, possession must be actual, visible, notorious, exclusive, continuous, and hostile during the twenty year period. It is undisputed that the evidence clearly shows that all of these requirements were met with the exception of the last. The parties differ as to whether the possession was hostile. The appellant argues that under *Davis v. Furlow's Lessee,* 27 Md. 536, possession of real estate, to be adverse, must be with the full knowledge that legal title to the land held is in another; it must not be held under a mistaken

belief that the land occupied encompasses what is included in claimant's title. It is suggested that the only support for the appellee's contention that the holding was hostile to the record title, is a plat found among the effects of Mrs. Lewis' father, on which his holdings of record were outlined in heavy lines, and on which Parcel A was shown but not included in the heavy lines. In *Tamburo v. Miller*, 203 Md. 329, which was decided after this case had been filed below, we said, in discussing the rule of *Davis v. Furlow's Lessee, supra*: "The modern trend and the better rule is that where the visible boundaries have existed for the period set forth in the Statute of Limitations, title will vest in the adverse possessor where there is evidence of unequivocal acts of ownership. In this view it is immaterial that the holder supposed the visible boundary to be correct or, in other words, the fact that the possession was due to inadvertence, ignorance, or mistake, is entirely immaterial. . . . The distinction seems to be that if the limits of the occupation be fixed with the intention of claiming them as *the* boundary line, the statute runs; but if the occupation and delineation of the boundaries appear to be merely provisional, with the intent to claim them as boundaries, if they are found to be proper boundaries, then the statute does not run." This holding was affirmed and reaffirmed in *Hub Bel Air, Inc. v. Hirsch*, 203 Md. 637, and *Ervin v. Brown*, 204 Md. 136. Without relying on whatever inferences might be permissible from the Warfield plat, certainly, in the instant case, there is to be found that there was nothing provisional in the holding and use of Parcel A. Mr. and Mrs. Lewis and their predecessors in title undoubtedly believed the land to be theirs and held it and used it as theirs for the necessary period. There was a continuous fencing plainly to be observed from a nearby road and the land was used both for pasture and for the planting of crops. The tests relied on in the three recent cases we have cited were met here.

The appellees' possession was hostile, and since all other requirements admittedly were met, the appellees have good title by adverse possession and the verdict below was correct.

*Judgment affirmed, with costs.*