PERRY MATTHEWS *vs.* NANCY TURNER, and MALVINA JENNINGS WOODYARD.

*Ejectment—Bequest of leasehold property—Assent of Executor—Inventory—Legatee—Construction of the Act of 1833, ch. 276, (Art. 75, secs. 50 and 51, of the Code)—Function of the Jury.*

In an action of ejectment by legatees to recover leasehold property specifically bequeathed to them, it is not necessary to prove, in addition to the probate of the will, and the grant of letters testamentary, and the assent of the executor to the legacy, that the property was included in the inventory returned by the executor and was distributed to the legatees by the order of the Orphans' Court.

Upon the death of the testator his entire personal estate, including property specifically bequeathed, devolves on the executor to be administered by him for the benefit of creditors, and the payment of legacies, and the balance, if any, to be distributed to the persons entitled under the statute of distributions.

*The entire personal estate* ought to be returned in the inventory to the Orphans' Court. But the title of a legatee to property specifically bequeathed, does not depend upon the inventory returned by the executor, nor does it necessarily depend upon the orders of the Orphans' Court.

By the will itself the legatee gets an *inchoate title*, and when the debts are paid, and the executor assents to the delivery of the property to the legatee, the title of the latter is thereby perfected; nothing more is necessary; and upon the title thus perfected the legatee may maintain an action of ejectment if the property be leasehold, and an action of trover for the conversion of personal property.

After a verdict in ejectment in favor of the plaintiffs, a motion was made in arrest of judgment on the ground that the plaintiffs could not recover an *undivided three-fourths*, under a declaration in which they claimed the entire tract. HELD:

1st. That whatever force there might be in this objection arising from what was said in *Magruder, et al. vs. Peter, et al.*, 4 *G. & J.*, 331, it was clear, since the passage of the Act of 1833, ch. 276, sections 1 and 3, (*Code, Art.* 75, *secs.* 50 *and* 51,) no such objection could be maintained.

2nd. That it was not only proper, but strictly within the function and duty of the jury to define the interest which the plaintiffs were entitled to be put in possession of. If upon the evidence they were not entitled to recover the whole, but only some undivided part, it was for the jury to decide how much.

APPEAL from the Superior Court of Baltimore City.

This was an action of ejectment brought by the appellees to recover a lot of ground, the leasehold interest in which was bequeathed to them and a certain Mary Beho, in the proportions of one-half to one of the plaintiffs for life, and one-half to the other of the said plaintiffs and said Mary Beho, share and share alike.

*First Exception.*—At the trial the plaintiffs having offered in evidence the will of the testatrix, and the papers showing title in the testatrix, then offered evidence tending to prove that on the 23rd of January, 1854, letters testamentary upon the said will were granted by the Orphans' Court of Baltimore City, to the executrixes therein named. Whereupon the defendant's counsel asked the Court to rule out all of the plaintiffs' said documentary evidence, unless the same was to be followed up by the production of the inventory of the personal estate of the

Matthews *vs.* Turner and Woodyard.

. said Mary Turner, including the lot in question, or an administration account distributing the same to the legatees, to whom the same was bequeathed in and by the same will; which the Court (BROWN, J.) refused to do. The defendant excepted.

*Second Exception.*—Not passed upon by the Court.

*Third Exception.*—The plaintiffs' testimony being closed, the defendant offered in evidence a duly certified copy of the inventory of the estate of Mary Turner, for the purpose of showing that the property in dispute was never returned to the Orphans' Court by the executrixes, and also offered a duly certified copy of the administration account passed by said executrixes, to show that this property was never returned by the executrixes as part of Mary Turner's estate, and that it had not been distributed to the plaintiffs through the Orphans' Court; and offered further to follow up this evidence by proving that said inventory and administration account were the only inventory and account ever returned or passed by said Court. Upon objection by plaintiffs' counsel, the Court ruled all of this evidence inadmissible for the purpose stated. The defendant excepted.

*Fourth Exception.*—All the testimony being in, the plaintiffs offered the following prayer:

That if the jury find from the evidence that Mary Turner died in or about the month of January, 1854, possessed of the leasehold of the lot of ground described in the indenture of lease made between William K. Orrick and wife of the one part, and Mary Turner of the other part, dated the 3rd of May, 1842, in evidence, under the said lease; and that after her death her last will and testament, dated the 17th of November, 1851, also in evidence, was proved in the Orphans' Court of Baltimore City; and that letters testamentary thereon were granted by the said Orphans' Court to her daughters, Mary and Nancy, the executrixes in the said will named, by the names of Mary

Siddons and Nancy Turner, as shown by the certificate of the register of wills of Baltimore City, also in evidence; and that thereupon Malvina Jennings Woodyard, Mary Siddons and Nancy Turner, the persons to whom the said lot of ground was devised in and by the said will, entered into possession thereof under the said devise, with the assent of the said executrixes; and that on or about the 6th of July, 1860, the deed of that date made between Nancy Turner and Malvina Jennings Woodyard of the one part, and Mary Beho (formerly Mary Siddons) of the other part, was executed and acknowledged by the said Nancy and Malvina Jennings and delivered to the said Mary, and was duly recorded, and shall further find that the parcel of ground described in the said last mentioned deed is part of the lot described in the said deed of lease from William K. Orrick and wife to Mary Turner, but does not include any of the land sought to be recovered in this action; and shall further find that the said Nancy Turner and Malvina Jennings Woodyard, are the same persons who are the plaintiffs in this action, then the plaintiffs are entitled to a verdict in their favor for three equal undivided fourth parts of all the land sought to be recovered in this action, and described in the declaration, except that part thereof as to which the defendant has disclaimed having any interest therein, as shown by his disclaimer or amended plea, filed in this case on the 19th day of November, 1884.

And the defendant offered the five prayers following:

1. That there is no evidence in the cause on which the plaintiffs can recover, because there is no evidence that the leasehold interest in the property sought to be recovered, was ever returned to the Orphans' Court of Baltimore City by the executrixes of the last will of Mary Turner, deceased, (under which said plaintiffs claim,) as part of the personal estate of said Mary Turner, deceased.

2. That there is no evidence in the cause on which the plaintiffs can recover, because there is no evidence that the

Matthews *vs.* Turner and Woodyard.

leasehold interest in the property sought to be recovered, was ever returned in any inventory or otherwise, to the Orphans' Court of Baltimore City, by the executrixes of the last will of Mary Turner, deceased, (under which plaintiffs claim), as part of the personal estate of Mary Turner, nor of any distribution of said leasehold property under the direction or order of the Orphans' Court of Baltimore City.

3. That the plaintiffs are not entitled to recover anything for mesne profits, except from the time of suit brought, because there is no evidence in the case from which the jury can find when the defendant entered into possession of the property sought to be recovered in this action.

5. That there is no evidence in the cause from which the jury can find that the legatees of the property sued for, to whom the same was devised by the will of Mary Turner, deceased, ever entered into possession of said property with the consent of the executrixes of said will, and that their verdict must therefore be for the defendant.

6. That if the jury under the other instructions find for the plaintiffs for mesne profits, then they cannot find more than the annual rental of the land, from the time of the institution of this suit, and in estimating said value, they must find the rental value of said land as if the same were vacant and unimproved.

The Court granted the prayer of the plaintiffs, and rejected the first, second, fifth and sixth of the prayers of the defendant, and granted the third.

The defendant excepted and also filed the following special exception to the plaintiffs' prayer:

The defendant specially excepts to the prayer of the plaintiffs, because it assumes that there is evidence in the cause tending to show "that Malvina Jennings Woodyard, Mary Siddons and Nancy Turner, the devisees to whom the said lot of ground (being the lot of ground in said prayer referred to) was devised in and by the said will, entered

into possession thereof under the said will and devise with the assent of the said executrixes," (meaning the executrixes of said will of said Mary Turner,) when in point of fact there is no evidence in the cause tending to show said facts.

The jury rendered a verdict for the plaintiffs for three undivided fourth parts of all the land sought to be recovered, except a part thereof in which the defendant by plea disclaimed having any interest. The defendant then moved in arrest of judgment for the reason set forth in the opinion of this Court. But the Court overruled said motion, and judgment was rendered in favor of the plaintiffs in accordance with the verdict. The defendant appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, RITCHIE, and BRYAN, J.

*E. Porter Robey*, and *Robert D. Morrison*, for the appellant.

The appellees could acquire no legal title to the leasehold property, sought to be recovered, until the same had gone through the usual prescribed course of administration. *Cecil, &c. vs. Negro Rose, et al.*, 17 *Md.*, 92; *Smith vs. Wilson, Adm'r*, 17 *Md.*, 460; *Cecil vs. Clarke, et al.*, 17 *Md.*, 508; *Merryman, Ex'r vs. Long*, 49 *Md.*, 540; *Foos vs. Scarf, et al.*, 55 *Md.*, 301.

In order to confer upon the legatee a good legal title, it is not sufficient that the person entitled to administer merely qualifies by taking the usual oath and giving the bond required; these are only the preliminary requisites to give legal force and effect to all subsequent acts prescribed to be done in the course of the administration; and until these acts are performed, the estate is in an unadministered condition within the meaning of the testamentary law of this State. The duties of an administrator are clearly defined by the statute, and must be fully and

strictly performed. It is his duty to gather in the assets of the deceased, return an inventory of them to the Orphans' Court, pay the debts against the estate, and distribute the surplus remaining, (if any,) to the parties entitled thereto, *under the authority and direction* of the Court. To enable the administrator to effectually discharge these and all other duties incident to the full and correct administration of the estate, the law vests in him the legal title of the testator on such title as he had, and it must remain in him until the duties which the law imposes upon him have been performed, and the purposes for which he has been appointed completely accomplished. *Alexander vs. Stewart,* 8 *G. & J.,* 226; *Scott vs. Fox,* 14 *Md.,* 391; *Neal, et al. vs. Charlton,* 52 *Md.,* 495; *Wilson vs. McCarty, &c.,* 55 *Md.,* 277.

Even though the property be *specifically devised,* the legatees take no legal estate, but have only an *inchoate* title until the executor qualifies, returns an inventory of the assets and *then* delivers over the legacy. The common law is in this respect materially altered and abridged by our testamentary system. *Cecil, Adm'r vs. Negro Rose, et al.,* 17 *Md.,* 101, 102; *Snively vs. Beavans, et al.,* 1 *Md.,* 221; *Smith vs. Doe ex dem. Dennis,* 33 *Md.,* 450.

The case of *Kent vs. Somervell,* 7 *G. & J.,* 265, was overruled in *Cecil, Adm'r, &c. vs. Negro Rose,* 17 *Md.,* 101.

It is clear that it was not the intention of the Legislature that property specifically devised should not be considered assets, and returned among the other property of the deceased, because in prescribing what shall not be deemed assets in the hands of the administrator, this distinction is not made. (*Revised Code, Article* 50, *sections* 142, 143.) Section 145 of same Article prescribes what shall be deemed assets, and section 144 requires that all the assets of the deceased shall be included and returned in the inventory, except those enumerated in sections 142 and 143.

Even before the Act of 1860, ch. 163, though the admin-istrator might renounce his right to commissions, yet the Legislature intended that property specifically devised should be included in the inventory, as well as the other assets of the deceased, in order that the Orphans' Court might be able to fix the commissions to be allowed the administrator, that the State might collect its tax thereon.

The executor cannot settle the estate and evade the provisions of the testamentary law, by paying the debts and legacies, without bringing the assets of the deceased into Court, and thus deprive the State of its tax upon his commissions. This would be in contravention of the rights of the public and against the policy of the law. *Owings' Ex'rs vs. Owings,* 1 *H. & G.,* 484; *Brown vs. Stewart,* 4 *Md. Ch. Dec.,* 368.

This Court has decided, in *Scott vs. Dorsey,* 1 *H. & J.,* 227, that the executor is entitled to commissions on the appraised value of specific legacies. It follows, therefore, that such legacies must be returned in order that the State may correctly estimate its tax.

Administration cannot be presumed from lapse of time. Orders granting letters, or passing distribution accounts, are judicial acts and must be proven from the record. *Scott vs. Fox,* 14 *Md.,* 396, 397; *Smith vs. Wilson, Adm'r,* 17 *Md.,* 468, 469; *Wilson, Adm'r, &c. of Owens vs. Smith,* 10 *Md.,* 67.

This case, it will be seen, is in this respect materially different from the case of *Ridenour, et al. vs. Keller,* 2 *Gill,* 134.

The Court erred in overruling the defendant's motion in arrest of judgment.

The issue raised by the pleadings, and which the jury were to determine, was the right of the parties to the *whole* of the ground described in the declaration. The issue joined on the plea of not guilty, simply put on trial the plaintiffs' title to the estate claimed in the *narr. Kersh-ner & Kurfman vs. Kershner's Lessee,* 36 *Md.,* 335–6.

Matthews *vs.* Turner and Woodyard.

It is true it was competent for the jury to find for the plaintiff for a *portion* less than the *whole,* but a verdict for an *undivided* portion of the whole would not be a determining of the rights of the parties as set up by the pleadings, and is, therefore, imperfect in substance, and no judgment should have been rendered thereon. The verdict, whether general or special, must decide the very issue; and, if it appears to the Court that the finding is different from the issue, or is confined to only a part of the issue, no judgment can be rendered on the verdict. *Garland vs. Davis,* 16 *Curtis,* 52–3 ; *Patterson vs. The U. S.,* 2 *Wheaton,* 225.

The plaintiffs cannot sue for a *whole* and recover an undivided portion thereof, the character of the estate sued for being entirely different from that recovered. *Carroll, et al. vs. Norwood,* 5 *H. & J.,* 173–4 ; 1 *Poe's Pleading and Practice, secs.* 259, 260.

The Act of 1833, ch. 276, sec. 3, does not change the law in this respect—this Act only means that the plaintiff shall recover to the extent of his interest proven in the estate sued for.

This does not belong to that class of cases where the defect may be cured by the verdict under the Statute of *Jeofails;* the defect is in the verdict and not in the pleadings, and is one of substance. Defects of substance cannot be cured by the verdict. *Garland vs. Davis,* 16 *Curtis,* 54.

*M. Sonnehill,* and *Arthur W. Machen,* for the appellees.

" In ejectment, the title of the testator and the bequest to the claimant being proved, all that is necessary to complete the claimant's title is the executor's assent to the bequest." 3 *Phill. on Evid., sec.* 611.

This is the general law, and there is no statute in Maryland qualifying or altering it. *Hagthorp, et al. vs. Hook's Adm'rs,* 1 *G. & J.,* 276; *Donaldson's Ex'rs vs. Raborg, Adm'x,* 28 *Md.,* 56, 57.

It is not pretended that any debts of the testatrix remain to be paid, even if that could make any difference.

After the lapse of more than thirty years the presumption is that all debts have been paid, and the estate fully administered. *Allender, Adm'r, &c. vs. Riston,* 2 *G. & J.,* 86.; *Ridenour, et al. vs. Keller,* 2 *Gill,* 134.

The distinction is obvious between a distribution among *next of kin,* or *residuary legatees,* which the nature of the case makes indispensable, and the transmission of a specific thing distinctly indicated and defined by the will itself. The difference between the two cases is adverted to in *Smith vs. Doe ex dem. Dennis,* 33 Md., 449.

The motion in arrest of judgment proceeds on the ground of a supposed error in the verdict, in finding for an undivided interest in the land. Obviously, the objection is not one to commend itself to very favorable consideration. The objection is to the *verdict,* the declaration being, as must be admitted, free from exception on its face, so that had the verdict been a general finding for the defendant there would have been no error in the record and no ground for the motion.

The effect of a motion for error in the *verdict,* if successful, is only that a *venire de novo* is awarded. *Gould on Pleading, ch. X, sec.* 63, *p.* 526; 2 *Tidd's Practice,* 922; *Leach vs. Thomas,* 2 *Mees. & Wels.,* 427; *Gould vs. Oliver,* 2 *Man. & Gran.,* 208, 238, *note.*

Even where there is error in pleading, as by the misjoinder of counts, the Court will now in general award a *venire de novo.* 2 *Wms. Saund.,* 171 *a, note b.*

But there is here no error. The Act of 1872, ch. 346, provides a form for the declaration in the new action of ejectment, expressly declaring that it shall be *sufficient* to state in the declaration that the plaintiff was in possession of the land therein described, and that the defendant ejected him therefrom and retains possession thereof, and the amount of damages claimed by the plaintiff. This form was accurately pursued in the present case. It would be to go back to the spirit of the dark ages to set up need-

lessly an unprofitable refinement, in the face of a statute the object of which so evidently is to dispense with all subtleties of pleading.

By the common law the plaintiff in ejectment could always recover *less* (though never more) than was laid in the declaration; and upon a count upon a demise and eviction of the entirety could recover any part of the land, or any *undivided share* of it. *Denn ex d. Burges vs. Purvis, et al.,* 1 *Burr.,* 326; *Doe d. Bryant vs. Wippel,* 1 *Espinasse,* 360; *Roe d. Raper vs. Lonsdale,* 12 *East,* 39; *Doe vs. McFarland,* 9 *Cranch,* 151; 3 *Phill. on Ev.,* 580, *and note* (2;) 2 *Stark. on Evidence, sec. IV, p.* 310·; *Adams on Eject.,* 211; *Gist vs. Robinet,* 3 *Bibb,* 2; *Patten's Lessee vs. Cooper,* 1 *Cooke,* 333; *Squires vs. Riggs,* 2 *Hayward,* 150; *Doe ex dem. Godfrey, et al. vs. Cartwright,* 4 *Dev.,* 487; *Doe ex dem. Bronson, et al. vs. Paynter,* 4 *Dev. & Batt.,* 393; *Harrison, et al. vs. Stevens,* 12 *Wend.,* 170; *Doe ex dem. Chapin vs. Scott,* 1 *Chipman,* 41.

In *Carroll vs. Norwood,* 5 *H. & J.,* 174,ₐ a case the decision in which it is unnecessary to question, the Court gave expression to an erroneous *dictum* that a plaintiff in ejectment cannot recover an undivided part when he claims an entirety·; and MARTIN, J., in *Magruder vs. Peter,* 4 *G. & J.,* 331, seems to re-assert the proposition, not necessary, however, to the decision; but reference to the authorities cited by Judge MARTIN will show that the state of the law was misunderstood, and *Denn dem. Burges vs. Purvis,* 1 *Burrow,* 326, misinterpreted. In fact, from the time of Lord MANSFIELD down, it has been unquestioned law in England that any undivided share is recoverable upon a declaration claiming the entirety. And the American decisions, out of Maryland, have been in full accord with those in Westminster Hall. And a careful examination of the Maryland cases relied on upon the other side, will make it apparent that the question was not necessarily involved in the decision of any of them. And the General

Court had expressly decided in *Cretzer's Lessee vs. Thomas,* 1 *H. & J.,* 463, a case which does not seem to have been referred to in *Carroll vs. Norwood,* that a plaintiff, counting upon a demise of an entire tract, might recover an undivided moiety. And *Carroll vs. Norwood,* and all the later cases apparently approving the *dictum* in it, were prior to the passage of the Act of 1833, ch. 276. That Act by necessary implication negatived the rule in question, for, as it provided that in any case of a joint holding, the plaintiffs might declare on a joint demise, and further enacted that if title be shown in *any* of the lessors of the plaintiff, he could recover to the extent of his title, notwithstanding the joinder of others who had no interest or had parted with their interest, it is manifest that the partial recovery in the latter case is inconsistent with the existence of any rule of law which prohibits the recovery of an undivided share under a count for the entirety. *Dorsey on Ejectment, p.* 22, *note* (14).

And since this amendment of the law the question has never been made. But, since the adoption of the Code, and the more radical change in the direction of simplification made by the Act of 1872, ch. 346, the point seems to be one rather of curiosity than substantial importance.

ROBINSON, J., delivered the opinion of the Court.

The main question in this appeal is whether, in an action of ejectment by legatees to recover certain leasehold property specifically bequeathed to them, it is necessary to prove in addition to the *probate of the will,* and the *grant of letters testamentary* and the *assent of the executor* to the legacy, that the property was included in the inventory returned by the executors, and was distributed to the legatees by the order of the Orphans' Court?

There ought not to be any difficulty in determining this question. Upon the death of the testator his entire personal estate, including property specifically bequeathed,

Matthews *vs.* Turner and Woodyard.

devolves on the executor, to be administered by him for the benefit of creditors, and the payment of legacies, and the balance, if any, to be distributed to the persons entitled under the statute of distributions. Strictly speaking, the *entire personal estate* ought to be returned in the inventory to the Orphans' Court. But the title of a legatee to property specifically bequeathed, does not depend upon the inventory returned by the executor, nor does it necessarily depend upon the orders of the Orphans' Court. By the will itself, the legatee gets an *inchoate title,* and when the debts are paid, and the executor assents to the delivery of the property to the legatee, the title of the latter is thereby perfected. Nothing more is necessary, and upon the title thus perfected, the legatee may maintain an action of ejectment if the property be leasehold, or an action of *trover* for the conversion of personal property. There is no error therefore in the rulings of the Court in the first, third and fourth bills of exception. *Bacon's Abridg. Legacies, L;* 2 *Williams on Executors,* 1378 ; *Comyns Digest Adm'r,* (*C.* 6) ; 1 *Roper on Legacies,* 848–851 ; 3 *Preston on Abstracts of Title,* 145 ; *Doe dem. Saye and Sele vs. Guy,* 3 *East,* 120 ; *Stevenson, et al. vs. Mayor, &c., of Liverpool, L. R.,* 10 *Q. B.,* 81.

After verdict, a motion was made in arrest of judgment, on the ground that the plaintiffs could not recover an *undivided three-fourths* under a declaration, in which they claimed *the entire tract.* Whatever force there may be in this objection, arising from what was said, in *Magruder vs. Peter,* 4 *G. & J.,* 331, it is clear, since the passage of the Act of 1833, chap. 276, no such objection can be maintained. The provisions of this Act are by necessary implication inconsistent with the objection now made. The Act provides not only in the case of a joint holding, the plaintiffs may declare on a joint demise, but further, that if title be shown in *any of the lessors* of the plaintiff, he may recover to the extent of his title, notwithstanding the

joinder of others who had *no title,* or who had parted with their interest. The Act in thus permitting the plaintiff to recover to the extent of his title, without regard to the title as claimed in the declaration, is plainly inconsistent with the existence of a rule of law, which prohibits the recovery of an undivided share, under a count for the entirety.

In the case before us, it was not only proper, but strictly within the function and duty of the jury to define the interest which the plaintiffs were entitled to be put in possession of. If upon the evidence they were not entitled to recover the whole, but only some undivided part, the jury must decide how much. *Denn ex. dem. Burges vs. Purvis, et al.,* 1 *Burrow,* 326: *Doe ex. dem. Bryant, et al. vs. Wippel,* 1 *Espinasse,* 360; *Roe ex. dem. Raper vs. Lonsdale,* 12 *East,* 39; 3 *Phil. on Evi.,* 580, *and note* (2); 2 *Stark. on Evi., Ejectment, Sec. IV,* 310; *Adams on Ejectment,* 211; *Parke, B.; Doe dem. Hellyer vs. King,* 6 *Exch.,* 794.

Finding no error in the rulings, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 24th June, 1885.)