IRENE J. SYKES *v.* JAMES W. HUGHES, ET AL., ADMINISTRATORS

[No. 44, October Term, 1943.]

*Decided December 15, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, MARBURY, MELVIN, ADAMS, and BALIEY, JJ.

*A. Freeborn Brown,* with whom was *D. C. Higinbothom* on the brief, for the appellant.

*James W. Hughes* for the appellees.

SLOAN, C. J., delivered the opinion of the Court.

The appellant, Irene J. Sykes, filed a bill of complaint against James W. Hughes and John Franklin Hutton, Jr., administrators d. b. n. c. t. a. of Ellen Hutton, deceased and administrators of John Franklin Hutton, deceased, and prayed the circuit court, in equity, to assume jurisdiction over the estate to compel the defendants to deliver to her certain jewelry alleged to have been given to her by John Franklin Hutton, and enjoining them from selling or disposing of any property or part of the estates until the determination of this case. An order was passed on September 15, 1942, the same day the bill was filed, restraining the defendants from making distribution pending the determination of the case, unless cause to the contrary be shown within ten days. The defendants demurred and the demurrer was overruled. An answer was filed on April 12, 1943. On June 30, 1943, it was withdrawn, at which time the plaintiff filed an amended bill to which the defendants demurred; this demurrer was sustained, and an order passed dismissing the bill, from which the plaintiff appeals.

The amended bill states that Ellen Hutton died February 5, 1942, leaving a will whereby she bequeathed two legacies of $500 each to two grandchildren and the residue to her son, John Franklin Hutton, who was named as executor with power of sale without application to the Orphans' Court. An inventory was filed by the executor March 11, 1942, showing that Mrs. Hutton's estate was worth $20,299.11, of which $4,204.61 was in cash, other personal property, $3,024.50, and a house and lot, $13,000. The jewelry which the plaintiff alleges to be worth $1,750 was appraised at $565 and is included in the inventory filed. The bill says that on March 13, 1942, John Franklin Hutton gave to the plaintiff all of his mother's jewelry which had any commercial value, consisting of two rings, a necklace and a pin, together of the value of $1,750, "in appreciation of the Petitioner's kindness and faithfulness to his old deceased mother, Ellen Hutton, during the last few years of her life, and his interest and affection for your Petitioner." The bill further says: "Several months (2) after the aforesaid jewelry had been given and delivered to your Petitioner in this case as aforesaid, the said John Franklin Hutton went to the Havre de Grace Hospital for observation and treatment, and during his absence your Petitioner was then alone, she placed the jewelry aforesaid in a metal safety box, locked the box, and gave it to a Mr. C. W. Thorn, Jr., of Charlestown, in Cecil County aforesaid, to take to the North East Bank, in Cecil County aforesaid, for her, to be placed there for her for safe keeping, that he agreed to do, your Petitioner retaining the key to said box herself, but informing the said Thorn that the jewelry in said box was her property."

On May 15, 1942, John Franklin Hutton returned from the hospital and on May 22, 1942, died intestate.

The bill then charges that the defendant administrators obtained possession of the safe deposit box, broke the same open, and took out the jewelry, which she had demanded and has had refused.

The plaintiff raises in her brief the following questions:

1. "Did John Franklin Hutton, Jr., have such a title to this jewelry that he could dispose of it as his own?" If he could, then the jewelry was his to give, and plaintiff's remedy would be an action at law in replevin.

2. "Does the appellant have an adequate remedy at law?" The answer to the first question answers this.

3. "Could the Orphans' Court determine the question of title to this jewelry?" The Orphans' Court cannot pass on disputed questions of title to property being administered. This question requires no consideration.

The appellee's only question, which is material in this case, is, "Does the plaintiff have title to the property claimed?" The question should have been: "Did the decedent, John Franklin Hutton, have title at the time of the alleged gift?" If he had, then if he did give the jewelry to the appellant, it would be hers, but we cannot decide whether he gave it to her or not.

It can be said as a general proposition that a legatee does not acquire title to personal property bequeathed by a will until the same is distributed or delivered to the legatee by the executor or administrator, but it depends on the nature of the bequest or legacy. If it is a specific legacy to a named person, the legatee takes from, through, and by the will, and the executor merely does what the testator and the law requires for the completion of the bequest, by delivery or assignment into the hands of the legatee, depending, of course, upon the claims of creditors or other bequests, which may result in its abatement. If the legacy is a leasehold estate, then would apply what Mr. Venable said in his *Syllabus of Lectures on Title to Real Property and Leasehold Estates,* p. 11, under Title by Administration: "On the death of an intestate who is possessed of leasehold estates, or other personal property, the title to such property remains in abeyance until the appointment of an administrator; but when the administrator is ap-

pointed, the title to such property vests in him as of the date of the death of the intestate. Administration is necessary to vest the complete title in the distributees. The complete title passes from the administrator to the distributee by the distribution and in no case can anyone, as next of kin of the intestate, make title to, or obtain possession of, his distribution share except through and from the administrator."

In this case there was a will, and the executor had not completed the administration when he died. He had promptly filed an inventory, among the items of which was the jewelry here involved. Because the administration account had not been filed at the time of the alleged gift to the appellant, the appellee contends that it was not the property of John Franklin Hutton to give, and relies on the case of *Crean v. McMahon*, 106 Md. 507, 68 A. 265. That was an action of ejectment by legatees, who were also remaindermen, to recover a leasehold which had been specifically bequeathed to them. At the conclusion of the plaintiffs' case a demurrer prayer was granted, and this court being of the opinion that it should have been refused, reversed the trial court. In that case Judge Pearce in his opinion, quoting from the opinion by Judge Robinson, *Matthews v. Turner*, 64 Md. 109, 120, 21 A. 224, 225, said: "Strictly speaking, the entire personal estate ought to be returned in the inventory to the orphans' court. But the title of a legatee to property specifically bequeathed does not depend upon the inventory returned by the executor, nor does it necessarily depend upon the orders of the orphans' court. By the will itself, the legatee gets an inchoate title, and when the debts are paid, and the executor assents to the delivery of the property to the legatee, the title of the latter is thereby perfected. Nothing more is necessary, and, upon the title thus perfected, the legatee may maintain an action of ejectment if the property be leasehold, or an action of trover for the conversion of personal property." So far as we find from the record, the property with which we are concerned is in the hands

of the defendants, and can be reached by replevin. In *Myers v. Forbes,* 74 Md. 355, 22 A. 410, 411, Judge McSherry said: "Generally speaking, an administration * * * by an executor or administrator *de bonis non cum testamento annexo* is necessary to confer title to a legatee, but there are some qualifications of this rule."

In 3 *Woerner on Executors and Administrators,* 3rd Ed., 1793, it is said: "The executor or administrators may vest in the distributees both title and possession of their respective shares before an order of distribution is made or without any such order," and cites *Biays v. Roberts,* 68 Md. 510, 513, 13 A. 366, 368, as one of his authorities, wherein it was said in an opinion by Judge Miller, "The law required him (the administrator) to make distribution, but he could have made it *in pais* without the order of any court, if he chose to take the risk of paying the right amount to the right parties."

The testatrix could not have been more specific than to leave all of her estate to one person; was she any less specific when she left all of it to a son, except $1,000 to two grandchildren, and there was $4,200 in cash to pay these legacies, funeral expenses and costs of administration. There are no creditors appearing in this case to assert their claims, so that we may assume that there are none. Did John Franklin Hutton acquire title to his mother's estate, except $1,000, which there were ample funds to pay, through his mother's will or on order of the Orphans' Court to be passed thirteen months after taking out letters of administration? If she had died intestate, he could not have known until he stated his account in the Orphans' Court just what his interest would have been, the property would have been the property of all of the next of kin to be divided by statute. Testacy makes the difference in this case. After satisfying his nieces and necessary costs and expenses, the balance was his, and it did not require an order of court to declare whether he should take it in kind or convert it into cash. In *Bagby on Executors and Administrators,* 2nd Ed., 208, a respected authority in this State,

it is said that in Maryland an executor or administrator "is presumed to hold the assets in his hands not for sale but for distribution, for it is the settled policy of our testamentary system to require a distribution in kind, unless a sale is necessary for a satisfactory division or for payment of debts." There was no need for such an order in this case; and when John Franklin Hutton gave the appellant the jewelry described in the bill, if he did, of which we express no opinion, it was his to dispose of as he pleased; he was not accountable to anyone for it.

Our decision, therefore, is that the proper tribunal is a court of law, where either party has the right to a trial by jury, and the demurrer to the amended bill should have been, as it was, sustained, and the bill dismissed.

The appellant lays great store by the case of *Safe Deposit & Trust Co. v. Coyle,* 133 Md. 343, 105 A. 308. That case was a controversy between the representatives of two estates of which the assets were claimed by both. Amongst the assets were some deeds and other instruments of writing, of which equity has jurisdiction to compel delivery. There were also involved the right to the possession of certain stocks and bonds, but equity having jurisdiction over part could retain it over all. We fail to see the application to this case.

*Decree affirmed, with costs.*