## COURT OF APPEALS, JUNE TERM, 1820.

### Beall's Lessee *vs.* Bayard.

Appeal from *Washington* county court. Ejectment for a tract of land called *The Brothers*, otherwise called *The Resurvey on the Brothers*, lying in *Allegany* county, contiguous to the town of *Cumberland*, containing 943 acres.

The defendant in the court below, (the appellee,) took defence on warrant, and plots were returned; and on suggestion, and an affidavit that a fair and impartial trial could not be had in *Allegany* county court, the case was transmitted to *Washington* county court for trial. At the trial there, the plaintiff, (the appellant,) read in evidence the plots and explanations, and proved that the locations on his part were truly made. The defendant also read in evidence the plots and explanations, and proved that the locations on his part were truly made. The plaintiff then read in evidence a patent for the tract of land called *The Brothers*, being the tract named in the declaration, granted on the 29th of November 1774, to *Thomas French*, on a certificate of survey dated the 11th of May 1774, under a special warrant of proclamation issued to him on the 16th of June 1763, to affect *The Resurvey on Walnut Bottom*, surveyed for *George Mason*, &c. He further gave in evi-

Where the whole of a tract of land is located on the plots, a deed, conveying the whole, may be given in evidence though it is not itself located. If a deed conveys less than the entire tract, it cannot be given in evidence without being located, notwithstanding the location of the entire tract. A deed reciting that the *grantor* was seized in fee of a tract called *The Brothers*, lying in *Allegany* county, which was granted by the *Proprietor of Maryland* to *T. F.*, and by *T. F.* conveyed to *C*, and by *C.* to the *grantor*, and that the grantor had bargained and contracted with the *grantee* for the sale of the said tract of land, as shall not have been affected by elder surveys, and then professing for $5000, decreed to the grantee or by the chancellor, to convey to the grantee "the said tract, as corrected by a survey made by a decree of the chancellor, the metes, bounds, courses and distances being then established; to have and to hold the said tract thereby granted to the grantee and his heirs," &c. *Held*, that such deed conveyed only the quantity of land included within the metes and bounds, courses and distances, established by the chancellor, and cannot be given in evidence unless located.

dence a deed from *James Clark* to *Abraham Faw,* for the same land, dated the 7th of November 1785, which recited that said land had been conveyed to *Clark,* by *Thomas French,* on the 23d of October 1779, as per his deed will appear; and then offered to read in evidence a deed from *Faw* to *Thomas Beall,* the lessor of the plaintiff, alleged by the plaintiff to embrace the same land, and dated the 24th of September 1810. It recited, "that *Faw* was seized in his demesne, in fee simple, of and in a tract of land situate, lying and being, in *Allegany* county, contiguous and adjacent to the town of *Cumberland,* called *The Brothers,* or *The Resurvey on the Brothers,* originally estimated to contain 943 acres of land, which said tract of land was conveyed to *Faw,* by *Clark,* by deed dated the 7th of November 1785, and which tract of land was conveyed to *Clark,* by *French,* by deed dated the 23d of October 1779, and which said tract of land was granted to *French* by the then Proprietor of *Maryland,* by virtue of a proclamation warrant, as by his patent, issued on the 29th of November 1774, would more fully appear." It also recited, that *Faw* had bargained and contracted with *Beall* for the sale of the said tract as had not been affected by older surveys, and then professes, for and in consideration of $5000, which had been decreed to *Faw* by the chancellor, to convey to *Beall* "the said tract, as corrected by a survey made by a decree of the honourable the chancellor of *Maryland,* the metes, bounds, courses and distances, being then established; to have and to hold the said tract, thereby granted, unto *Beall,* and his heirs, &c.

To the reading of this deed the defendant, by his counsel, objected, because it was not for all the land included within the lines of *The Brothers,* and because it was not located on the plots. The court, [*Buchanan,* Ch. J. *Shriver* and *T. Buchanan,* A. J.] sustained the objection, on the ground that the deed was not located on the plots, and therefore refused to let it go to the jury. The plaintiff excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued in this court before EARLE, JOHNSON and DORSEY, J. by

*Taney,* for the appellant. He cited *Hall's Lessee vs. Gough,* 1 *Harr. & Johns.* 119.

No counsel appeared for the appellee.

Dorsey, J. delivered the opinion of the court. The point raised in argument by the appellant's counsel is this —Was the deed from *Abraham Faw* to *Thomas Beall*, of *Samuel*, for the tract of land called *The Brothers*, located on the plots? And this depends upon the question, whether the deed does in legal operation convey the whole tract; because, if it does, the deed, in effect, was located as the patent of the tract appears to have been located. The deed, after reciting that *Abraham Faw* was seized in fee simple of the tract of land called *The Brothers*, lying in *Allegany* county, which was granted by the then Proprietor of *Maryland* to *Thomas French;* and that the said *Faw* had bargained and contracted with the said *Beall for the sale of the said tract as shall not have been affected by older surveys,* professes, for and in consideration of the sum of $5000, which had been decreed to him by the chancellor of *Maryland,* to convey unto the said *Beall*, "*the said tract as corrected by a survey made by a decree of the honourable the chancellor of Maryland, the metes, bounds, courses and distances, being then established;* to have and to hold the said tract, thereby granted, unto the said *Beall* and his heirs." It is obvious, from reading this deed, that the grantor only intended to convey so much of the tract as was within the metes, bounds, courses and distances, established by the chancellor; and the consideration money which he received from *Beall*, was co-extensive with this intention. The recital in the deed most clearly evinces this intention, and the granting part *expressly declares it,* by stating that the chancellor had corrected and established the metes, bounds, courses and distances, of the tract. The decree of the chancellor is referred to by each party, as establishing the extent of the land intended to be conveyed, and they must be bound by it; and the words of the *habendum* is perfectly consistent with this construction, as it uses the terms "the said tract of land hereby granted." If the deed in question had contained a general warranty, and *Beall* had been evicted, it would hardly be contended, that *Faw* could be made to respond in damages for the loss of that part of the tract which did not lie within the metes, bounds, courses and distances, as established by the chancellor; but such would necessarily be the result, if the deed operated to convey the whole of the tract as patented.

JUNE 1820.

The court are of opinion, that the court below did not err in not permitting the deed to be read in evidence to the jury, as the same was not located on the plots; and therefore

JUDGMENT AFFIRMED.