# James *against* Letzler.

Recitals of title in a deed more than 30 years old, where possession accompanied the deed, are *primâ facie* evidence against persons claiming by title under the grantor previous to such deed.

EJECTMENT in this court for a house and lot at the corner of Race and Front streets, in the city of Philadelphia, by William James and Sarah Ann his wife, in right of the said Sarah Ann, against Henry Letzler and John Leavitt, tried before Mr Justice KENNEDY at Nisi Prius, in February 1843, and a verdict rendered for the defendants.

The plaintiffs claimed under James Parrock, by title existing in him prior to the year 1778. The defendants claimed under a conveyance from the Supreme Executive Council of Pennsylvania, as the property of Parrock, an attainted traitor. The only question was raised on the bill of exceptions, whether a deed of the 3d May 1785, from the University of Pennsylvania to Jacob Cauffman, reciting the proceedings for the attainder of Parrock under the Act of 6th March 1778, viz: the proclamation under the great seal of the Commonwealth dated 21st May 1778, his not rendering himself for trial according to it and his attainder in pursuance thereof, by which his estate became forfeited, was evidence. The learned Judge admitted it, and the plaintiff excepted.

The case was argued by

*Hirst* and *Dallas*, for the plaintiffs; and by
*Kennedy*, contra.

The opinion of the Court was delivered by

SERGEANT, J. — The general rule is that a recital of a fact or conveyance in a deed is evidence against the grantor and all persons claiming by title derived from him subsequently, but is not evidence against a stranger or other person who claims by title derived from the grantor before the deed containing such recital. *Penrose* v. *Griffith*, (4 *Binn.* 231); *Garwood* v. *Dennis*, (4 *Binn.* 327); *Morris* v. *Vanderen*, (1 *Dall.* 67). This rule applies, however, only to recent conveyances, for there is an exception to it in the case of an ancient deed containing a recital, where the possession has accompanied such deed. And this is analogous to the rule which prevails in other cases; as, for instance, that a deed more than thirty years old, accompanied by possession, proves itself; for by a lapse of time not only are the ordinary modes of proof decayed and gone, but the circumstance of accompanying posses-

[James v. Letzler.]

sion under the deed raises the presumption that it was valid and effectual, and the title good, or it would in all human probability have been contested.     Thus in *Doe* v. *Phelps*, (9 *Johns.* 169) ; and *Doe* v. *Campbell*, (10 *Johns.* 475), an ancient deed, with which the possession corresponded, contained a recital of a power of attorney, which was necessary to give the deed validity ; it was held that the due execution of the power of attorney must be presumed. In deeds there are often recitals of marriages, births, or deaths without issue, and other facts incident to the conveyance, which on the same principle would, after a length of time, be evidence as against third persons not claiming by or through the grantor. In the case before us the deed from the trustees of the University of Pennsylvania of the 3d May 1785 recites a proclamation by the constituted authorities requiring Parrock to render himself and abide his trial, and that he did neither ; all of which are matters *in pais* as much as a power of attorney ; for a proclamation is matter *in pais*, and proved by the gazette.   1 *Stark. Ev.* 413.   It also appears that possession had been held by the defendants claiming under this deed for more than fifty years.   Under these circumstances the rule of law is that the recital becomes evidence *primâ facie* against third persons.   There was, therefore, no error in the court in admitting the evidence.

Judgment affirmed.