ALEXANDER G. MALONE

*vs.*

GEORGE V. Z. LONG AND FRANCIS LONG.

*Title to land: trespass.   Deeds of conveyance.   Evidence:*
*adverse possession; proof inadmissible;*
*acts of mere trespass.*

In an action of trespass *quare clausum fregit,* where the patent for the lot in question is located on the plat, and the lines of the lot are run according to the lines and courses therein contained, deeds purporting to convey the whole of said lot known by the name used in the patent, are admissible in evidence without themselves being located on the plat.      p. 379

Where the beginning point of a patent was unmarked, but the point was described by reference to the lines of another patent whose point of beginning was marked and located, whence the lines of the first patent reversed could be located, then such first patent is admissible in evidence.      p. 379

To establish an adverse possession to an unenclosed wood lot, evidence of the cutting and selling of timber therefrom is not sufficient.      p. 380

Such acts might be mere successive acts of trespass, and nothing more.      p. 380

*Decided April 14th, 1916.*

Appeal from the Circuit Court for Somerset County. (STANFORD and JONES, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Alonzo L. Miles* (with whom were *Toadvine & Bell* on the brief), for the appellant.

*John W. Staton* (with whom were *Joshua W. Miles* and *George H. Myers* on the brief), for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of the plaintiffs in an action of *quare clausum fregit* instituted for the purpose of trying title to land.

The declaration describes the land upon which the trespass was alleged to have been committed as being located in Worcester County, and known as Mill Lot, and as having been devised to the plaintiffs by the will of their mother, who acquired title thereto by deed duly recorded, dated December 28th, 1871, from Francis Boon and wife. The defendant entered a plea of not guilty, and upon the application of the plaintiffs a warrant of resurvey was issued.

The record contains seven exceptions to the rulings of the Court, six being exceptions to rulings upon the testimony. The plaintiff offered one prayer, which was granted, but which is not in the record for the reason as stated that it was lost and no copy preserved of it. The defendant offered three prayers, all of which were rejected.

Before the execution of the warrant of resurvey both parties filed with the surveyor and sheriff a list of their title papers. The defendant claimed title to the disputed area by virtue of a patent to Furman L. Mulford, dated May 22nd, 1873, of a tract called Gray's Neglect, and adopted as the beginning of his tract the beginning point located by the plaintiff as the beginning of Mill Lot. The plaintiffs claimed title by virtue of a patent issued to William Fooks, dated July 29th, 1811, of the tract called Mill Lot, and through conveyances beginning September 18th, 1855, and ending December 28th, 1871, and by the will of their mother, Ida Long, probated May 20th, 1898. None of the deeds through which the plaintiffs claim contains any description of the

land by courses and distances, metes and bounds, but the property is designated by the name under which it was patented, and described as located in the Seventh Election District of Worcester County.

The defendant excepted to the admission of these deeds in evidence, on the ground that they had not been located on the plat. There is no force in this contention. The patent was located on the plat and the lines of Mill Lot were run according to the courses and distances therein contained. These deeds, the subject of the exception purported to convey the whole tract known as Mill Lot, and this being so it has been repeatedly held by the decisions of this Court that it then becomes unnecessary to locate such deeds on the plat in order to make them admissible evidence at the trial. These deeds were filed with the surveyor and sheriff by the plaintiffs as a part of their title papers, and the Court below was correct in admitting them. *Hall* v. *Gittings*, 2 H. & J. 380; *Beall's Lessee* v. *Bayard*, 5 H. & J. 127; *Denn* v. *Jones*, 26 Md. 462; *Dorsey on Ejectment*, p. 47.

The plaintiffs offered in evidence, over the objection of the defendant, the patent for Gray's Neglect and also the patent for Tilghman's Choice. All of the land in controversy was unenclosed woodland, and the beginning for Mill Lot and Gray's Neglect was unmarked. In the patent for Tilghman's Choice, its beginning point was described as "a marked pine tree, standing at the end of the fifth and the beginning of the sixth line of a tract of land called Mill Lot, resurveyed for William Fooks, October 30th, A. D. 1799, and patented July 29th, 1811." The marked pine tree was located and from it the surveyor ran the fifth, fourth, third, second and first lines of Mill Lot reversed, and thus located the beginning point for both Mill Lot and Gray's Neglect. We are therefore of the opinion there was no error committed in admitting these patents.

The defendant made a proffer of proof by which he sought to set up in himself title by adverse possession. The Court rejected the proffer and this ruling was correct. The pro-

posed testimony was to the effect that some previous owner of Gray's Neglect had pointed out to the defendant what he supposed to be the line dividing Gray's Neglect and Mill Lot, and that he (the defendant) had repeatedly cut timber off the tract for a period covering more than twenty years. That this would not be evidence of adverse possession is clearly settled by the case of *Peters* v. *Tilghman,* 111 Md. 227, in which JUDGE PEARCE, in delivering the opinion of the Court, in dealing with a prayer by which it was sought by the defendants to establish adverse possession for the defendants from "acts of user and ownership over the same in selling and cutting timber therefrom," said: "But this is not evidence of adversary possession." *Waterman on Trespass,* Vol. 2, p. 9, 1st Edition, note on cutting timber; *Gent* v. *Lynch,* 23 Md. 65. In that case JUDGE BARTOL said, cutting and selling wood from time to time "are mere successive acts of trespass, nothing more." And so in *Parker* v. *Wallis,* 60 Md. 19, where the acts relied on were to dig and sell sand from time to time, the Court said: "The entries thereon for that purpose were but successive acts of trespass against the true owner, if he was not owner himself."

We find no error in the other exceptions to the testimony, and will not discuss them for they were not pressed by the appellant.

The defendant sought to have the case withdrawn from the consideration of the jury because of the insufficiency of the evidence under the pleadings. The argument advanced for this was that the plaintiffs had not proven title to the *locus in quo,* in that there was a break in the chain of title from the time of the granting of the patent until the date of the first deed offered in evidence, which was dated in 1855, and that there was no evidence to show that the *locus in quo* was the land or a part of the land described in the patent. Admittedly there is a break in the chain of title. There is nothing in the record to show from whom the grantors in the deed of 1855 acquired title, and further there is nothing

to show how the title passed out of the patentee. Also it is admitted that none of the deeds, in terms, refer to the land conveyed as being that patented to William Fooks. But the deeds do purport to be conveying a tract of land situated in the Seventh Election District of Worcester County, and designate it by its name of Mill Lot, which is the same name by which the land described in the patent was called. This we think was *prima facie* evidence to establish the fact that Mill Lot described in the deeds was the same Mill Lot described in the patent. There is nothing in the record to the contrary in the slightest degree, while on the other hand the defendant admits, by adopting as the beginning for his tract, the beginning boundary of Mill Lot, that Mill Lot is contiguous to this tract. The only reason it was necessary for the plaintiffs to run their lines by the lines described in the patent was from the fact that none of the other title papers available called for any lines. Except for this omission of courses and distances it would not have been necessary to have offered the patent at all under the authority of section 79 of Article 75 of the Code, wherein it is provided that: "In all actions at law, where the title to land is in question, it shall not be necessary for any party to any such action to prove that the lands in controversy have been patented; but a patent shall in all cases be presumed in favor of the party showing a title otherwise good." The plaintiffs and those under whom they claim had held title to Mill Lot since 1855 and with a title of such long-standing the law would presume a patent.

Finding no error in the rulings of the learned lower Court we will affirm the judgment.

*Judgment affirmed, with costs to the appellees.*