## Brock *v.* Atlantic Refining Co., Appellant.

*Deeds—Ancient deeds—Recitals—Evidence—Building restrictions.*

1. While the general rule is that recitals in deeds are mere hearsay and inadmissible as against third persons who claim by a paramount title, there is an exception to the rule in the case of ancient deeds accompanied by possession, which are admissible as prima facie evidence of the facts recited, even as against third persons.

2. Where a deed dated in 1838 provided that "no building or part of a building or other obstruction shall ever at any time" be erected on the lot granted north of the present line of the building "then thereon erected," and subsequent thereto, down to 1868, deeds in the line of title contained exactly the same provision, when a deed of 1871, and deeds thereafter to 1920 (when the building was torn down), changed the word "then" to "now," the recital, as changed, was an admission that the restriction extended to the wall north of the building as it stood from 1871 to 1920, when torn down.

3. In such case, the restriction is violated by building on the lot a small frame building enclosing an engine, derrick and compression plant intended for use in the erection of an office building on the lot in question and adjoining lots; and this is so although the frame building and its contents were but temporary in character and intended to be removed on the completion of the office building, it not appearing whether this would be months or years.

Argued January 11, 1922. Appeal, No. 49, Jan. T., 1922, by defendant, from decree of C. P. No. 3, Phila. Co., Dec. T., 1919, No. 6544, on bill in equity, in case of Mary T. Brock v. The Atlantic Refining Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Bill in equity for injunction to compel removal of building: 268 Pa. 231. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendant appealed.

*Error assigned*, inter alia, decree, quoting it.

*Yale L. Schekter*, with him *Ira Jewell Williams* and *Francis Shunk Brown*, for appellant.—Restrictive covenants are not favored by the law. They interfere with the owner's free use of his property, and all doubts must be solved against them: Johnson v. Jones, 244 Pa. 386; Crofton v. St. Clement's Church, 208 Pa. 209.

The restriction must be clear, precise and definite as to the terms and extent thereof, or it will be void and unenforceable for uncertainty: Gilmore v. Times Co., 18 Pa. Superior Ct. 363; McCloskey v. Kirk, 243 Pa. 319; Marks v. Ligonier, 233 Pa. 372.

The evidence in this case completely fails to establish the extent of the restriction: Altaffer v. Auto Co., 77 Pa. Super. Ct. 57.

Temporary building construction conveniences are not prescribed.

In any aspect of the matter, plaintiff has not established such a clear legal right as to move a court of equity to act: Hicks v. American Co., 207 Pa. 570; Electric Light Co., 200 Pa. 370; Marshall v. Pa. Co., 44 Pa. Superior Ct. 70; Marks v. Ligonier, 233 Pa. 379.

*Owen J. Roberts,* with him *George G. Chandler,* for appellee.—The extent of the restriction was sufficiently proved.

The recitals in the deeds from 1871 to the present date, including the deed under which defendant acquired title, are binding admissions against defendant: Gratz v. Beates, 45 Pa. 495; Kennedy v. Lubold, 88 Pa. 246, 256; Floyd v. Kulp Lumber Co., 222 Pa. 257; Dawson v. Coulter, 262 Pa. 566.

The recitals in the deed from McCrea to King were properly admitted: James v. Letzler, 8 W. & S. 192; Dougherty v. Welshans, 233 Pa. 121.

Restrictions like the present have been enforced in similar cases: Landell v. Hamilton, 175 Pa. 327; Allen v. Hamilton, 175 Pa. 339; Muzzarelli v. Hulshizer, 163 Pa. 643; Clark v. Martin, 49 Pa. 289; Meigs v. Milligan, 177 Pa. 66; Electric City Land & Imp. Co. v. Coal Co., 187 Pa. 500.

OPINION BY MR. JUSTICE FRAZER, February 13, 1922:

Defendant appealed from a decree directing removal of buildings and obstructions in the form of excavating tools, equipment and machinery erected and being on that part of its property No. 1415 Spruce Street, Philadelphia, lying north of an indicated building line, located at a distance of forty-eight feet north from the northerly side of Spruce Street and perpetually enjoining and restraining it from erecting on that part of its premises any building, part of building, structure, or other obstruction whatsoever, subject to exceptions mentioned.

Plaintiff is owner of No. 1417 Spruce Street, adjoining the premises of defendant, and both claim title

through John McCrea, who purchased the properties in 1838 and on May 20, 1839, conveyed No. 1415 to Philip Physick, by deed containing the following restriction: "Under and subject, nevertheless, to the following express condition and restriction, that is to say, that no building or part of a building or other obstruction shall ever at any time hereafter be built or erected upon the hereby granted lot of ground north of the present line of the building now thereon erected, except the fences and privies as the same are now erected on the extreme northern line of the said lot."

This restriction was recited and referred to in each subsequent conveyance down to 1920, at which time defendant took title, the only difference being that deeds bearing date from 1839 to 1868 referred to buildings "then thereon erected" while that of 1871 and those subsequent to that date down to the conveyance to defendant referred to the north line of the building "now thereon erected." There is no denial of the continued existence of the restriction, the dispute being as to the location of the north line of the building as it existed in 1839.

Plaintiff offered in evidence an official plan of defendant's house and lot made in 1920 and showing the rear line of the building standing at that time forty-eight feet north from the north side of Spruce Street and followed the offer by proof that within the memory of witnesses, which in one case extended back to 1860, the same wall had been standing and at no time since had there been a building north of that line. Corroborative of this the architecture and manner of construction indicated the buildings on both lots were quite old. There was also offered in evidence a deed from John McCrea, the common grantor, to Edward King, plaintiff's predecessor in title, dated August 8, 1839, less than three months after No. 1415 was conveyed to defendant's predecessor, containing the following recital: "And the said John McCrea afterward built three messuages on said lot, where-

of the hereby granted messuage is the westermost, and restricted the messuage granted to said Philip Physick so that no building or part of building or other obstruction should ever at any time be built or erected thereon north of the present line of the buildings now thereon erected, except the fences and privies as the same are now thereon erected on the extreme northern line thereof, the said restriction being intended for the benefit of the hereby granted premises and for the benefit of the premises adjoining the said restricted premises on the east." This was properly received as evidence that McCrea had divided his original lot in three parts and erected thereon three buildings, the middle one having been conveyed to defendant's predecessor in title, subject to the restriction imposed for the benefit of others. While the general rule is that recitals in deeds are mere hearsay and inadmissible as against third persons who claim by a paramount title, there is an exception to this rule in the case of ancient deeds accompanied by possession which are admissible as prima facie evidence of the facts recited even as against third persons: Garwood v. Dennis, 4 Bin. 313, 319; James v. Letzels, 8 W. & S. 192; Dougherty v. Welshans, 233 Pa. 121.

In addition to the foregoing evidence relating to the construction and continuance of the line of the north wall of the building, there is a recital in each deed in defendant's chain of title referring to the line of the building "then" and "now" thereon erected. We find nothing to indicate the reason for the change of the wording unless, as suggested by the court below, the conveyancers, as time passed and successive transfers were made, recognizing that the time probably would come when parties might find it quite difficult to prove the buildings "then" erected were the same as the buildings "now" standing, sought to make the matter certain by changing the wording to the present tense. While the oral evidence does not clearly establish the identity of the wall subsequent to the change in the recital with that

previously existing and from the time of the conveyance by the common grantor, defendant took subject to the recital as to the wall existing in 1920 and the recitals in the deeds of his predecessor in title. Whatever were the circumstances existing in 1878, at the time the change was first made, the grantee in that deed was apparently satisfied as to the identity of the location of the wall and those who took through him merely succeed to his rights. Whether the recital constitutes an estoppel it is not necessary to now decide. It is at least an admission that the restriction extends to the wall north of the building as it stood in 1878 to 1920 when torn down and, in absence of proof to the contrary, the court below properly concluded the line so fixed by defendant's predecessor in title was the proper one.

The other question included in the statement of questions involved requiring discussion is whether the restriction was violated. Defendant contemplated the erection of a twenty-story office building on its adjoining property and the construction complained of was to be used in connection with the erection of that building. It consisted of an engine, derrick and compressor plant, the engine and plant being enclosed by small frame buildings. While it appears these were but temporary structures intended to be removed upon completion of the office building, the record is barren of testimony tending to show the time necessary for its completion. It might have been months or years. The contention, however, is that as the buildings were not permanent in character there was no violation of the restriction. This argument fails to give proper consideration to the language of the deed. It is not the usual form of building restriction but much broader, providing that "no building or part of a building, or other obstruction shall ever at any time hereafter" be erected upon the portion of the lot in question "except the fences and privies as the same are now erected." Clearly the objects complained of were obstructions if not buildings and, though not in-

tended to be permanent, the deed explicitly states they shall not "ever at any time be erected." In view of this language and the fact that the buildings might remain a year or more, we cannot conclude they did not constitute a violation of the restriction.

The judgment of the court below is affirmed at the costs of appellant.