JOSEPH WANEX, SR., ET AL., *v.* VICTOR E. HURST

[No. 139, October Term, 1946.]

*Decided May 20, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*V. Calvin Trice* and *Frederick P. McBriety* for the appellants.

*Calvin L. Brinsfield* and *Charles A. Thompson*, with whom were *Harrington, Harrington & Thompson* and *Brinsfield & Malkus* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

Victor E. Hurst brought an action of ejectment against the appellants in this case, asserting title to a small strip of waterfront land in the town of Secretary, in Dorchester County. The defendants filed the general issue plea and a special plea asserting title by adverse possession for more than 20 years. After a warrant of resurvey had been issued and duly returned, the case was tried before the court, without a jury. The court refused the defendants' demurrer prayer and entered judgment for the plaintiff.

The general issue plea put in issue the plaintiff's claim of title. There was no dispute as to the location. The plaintiff proved that all of the adjoining lands as well as the land in dispute, comprising a tract called "Carthagenia," were conveyed to Joseph Cook and Joseph H. Conkle, by deed dated August 19, 1886. By deed dated March 22, 1897, Cook conveyed his interest to Joseph H. Conkle. By deed dated February 1, 1901, Joseph H. Conkle and Mary A. Conkle conveyed to Myrtle L. Hurst and Mary A. Conkle, as tenants in common, all their right, title and interest in such parts of the tract as "have not been sold and conveyed by Joseph H. Conkle, prior to the execution of these presents," including "the dwelling house property and the land connected therewith, at present occupied by Mary A. Conkle as a residence." On April 12, 1944, Myrtle L. Wieneke and William Wieneke, her husband, conveyed the land in dispute to Calvin L. Brinsfield, who in turn conveyed it to the plaintiff. The deed from Myrtle L. Wieneke and husband recited that the land was "a part of and the remainder of all that property conveyed to the said Myrtle L. Wieneke and Mary A. Conkle, as tenants in common," in 1901, and that Myrtle L. Wieneke "inherited the interest of the said Mary A. Conkle as the only heir of the said Mary A. Conkle who died intestate on or about July 2, 1926." The strip in dispute was never assessed to any one.

The appellants contend that the plaintiff offered no evidence to identify the Mary A. Conkle whom he named in his claim of title, or to show that she was the mother of Myrtle L. Wieneke, the grantor of Brinsfield. They also contend there was no proof that she died intestate and that Myrtle L. Wieneke was her only heir. Such facts may be proved *dehors* the record. In *Potomac Lodge No. 31, I. O. O. F., v. Miller,* 118 Md. 405, 412, 84 A. 554, 557, it was said: "If A dies intestate, leaving children or other heirs, his real estate descends to his heirs, but if they or their assignees institute an action of ejectment, *relying on that title,* in order to

recover they must prove that A died intestate and who his heirs were. There may be, and often is, no record evidence to prove who the heirs were, and resort is had to parol evidence to establish that, as well as the fact that the ancestor died intestate." See also *Kelso v. Stigar*, 75 Md. 376, 404, 24 A. 18.

The plaintiff testified he knew Mrs. Mary Conkle, that she was married to Joseph Conkle, who predeceased her about 1926, and that she was the mother of Myrtle L. Wieneke. The defendant, Joseph Wanex, testified that he knew Mrs. Wieneke, as Myrtle Conkle. The defendants put in evidence a deed from Joseph H. Conkle and Mary A. Conkle, his wife, and Myrtle L. Wieneke (Weiniske) and William Wieneke (Weiniske), her husband, dated June 9, 1921. It was under this deed that the defendants claimed title to adjoining lots, separated from the strip in dispute only by a right of way. We think this testimony was sufficient to identify Mary A. Conkle, and to show that she was the mother of Myrtle L. Wieneke. But there is no testimony, other than the recitals in the deed to Brinsfield of April 12, 1944, to show that Myrtle was the only heir of her mother, or that Mrs. Conkle died intestate. We think the proof was insufficient. "Recitals are evidence against the parties to the deed and their privies, but not against strangers. Viewed as a recital of intestacy and pedigree, a recital in a deed that the former owner died intestate leaving surviving him no other heir than a named person is not binding on a stranger to the title. The general rule is that recitals in a deed are mere hearsay and are inadmissible in evidence as against a third person who claims by a paramount title." *Thompson, Real Property*, (perm. ed.) Sec. 3186; *Wigmore, Evidence* (3d Ed.), Sec. 1573; *In re Marsh*, 152 Misc. 454, 272 N. Y. S. 807, 816. The latter rule is subject to qualification in the case of ancient deeds. *Brock v. Atlantic Refining Co.*, 273 Pa. 76, 116 A. 552.

We hold, therefore, that the plaintiff failed to establish his paper-title to the one-half interest of Mary A.

Conkle, but that he made out his paper-title to the one-half interest of Myrtle L. Wieneke (formerly Myrtle Conkle). He may recover to the extent of the title shown, although not entitled to the whole estate. Code, Art. 75, sec. 83; *Matthews v. Turner,* 64 Md. 109, 121, 21 A. 224; 18 Am. Jur. sec. 70; *Poe, Pleading* (5th Ed.), Sec. 271.

The appellants contend that there was no proof that the land in dispute was part of the tract conveyed by Joseph Conkle to his wife and daughter. On this point we think the resurvey shows clearly that the land in dispute passed under this deed. It was part of the original tract conveyed to Conkle, and it is not contended that it passed under any subsequent conveyance. The record also clearly shows that Wanex took title to adjoining property from Joseph Conkle, and that Conkle was the owner of the entire tract known as "Carthagenia," which he occupied as a farm and place of abode, until he began the subdivision which resulted in the town. Compare *Gore v. Todd,* 150 Md. 285, 289, 133 A. 126. Moreover, it was shown that the appellants' only claim of paper-title was under Conkle, the common grantor. *Jay v. Michael,* 82 Md. 1, 33 A. 322.

The appellants contend, however, that if the plaintiff established a title *prima facie* good, he failed to establish a right to possession, not barred by limitations. Upon this point he relies strongly upon the case of *Joseph v. Bonaparte,* 118 Md. 591, 85 A. 962. In that case the plaintiff established his paper-title, but he also proved that the defendant had been in exclusive possession for 17 years or more and that neither the plaintiff nor his predecessors in title had ever been in possession, except that one of the intermediate grantors had been in possession for a short time, more than 20 years before the institution of the suit. Upon this record the court held that the plaintiff had not made out a case. We think the case is distinguishable. In the instant case the common grantor was in possession. His right of possession passed *prima facie* to his suc-

cessive grantees, and the plaintiff is entitled to possession unless the right was lost by the adverse possession of other persons. *Doe ex dem. Campbell v. Fletcher*, 37 Md. 430. "In cases of this description, upon proof by the defendant of such adversary possession for twenty years, the *prima facie* case made out by the plaintiff upon the face of his paper-title is rebutted and his right of possession is lost to him." (*Poe, Pleading*, 5th Ed.), Sec. 263. See also *Malone v. Long*, 128 Md. 377, 97 A. 643; *Merryman v. Cumberland Paper Co.*, 98 Md. 223, 225, 56 A. 364; *Hackett v. Webster*, 97 Md. 404, 55 A. 480; *Walsh v. McIntire*, 68 Md. 402, 13 A. 348; *Davis v. Furlow's Lessee*, 27 Md. 536.

We think the appellants failed to make out a case of adverse possession. The appellant, Joseph Wanex, testified that he and his sons began to use the strip in dispute after he bought the adjoining lots in 1921, for a landing place to pull up boats and unload fish; all the watermen in that locality used the shore for that purpose; that "Conkle never stopped anybody from pulling their boats up. Of course, when I got it I never stopped them either." He testified that Conkle told him the shore went with the lot. Wanex ran a drain pipe through the strip when he built his store. His son testified that the strip was not in the deed to his father; his father went to Mr. Conkle. "Mr. Conkle says 'it's yours anyhow. It isn't worth anything * * * you bought all I had there'." Wanex "kept store" on the adjoining property for two or three years, after 1921, then he moved to a farm. He took back the store about 1934. In 1935, some watermen built a wharf on the property, with Wanex's permission, with timber he supplied. Leo Wanex testified that he built a fishhouse on the strip in 1939, a building about 12' x 14' on cement blocks. In 1944, Wanex put a fence around the strip. The appellee testified that he had used the strip repeatedly since 1930, like every one else, and bought fish from the other watermen; that he was in the seafood business in Secretary. He testified, and other witnesses also

testified, that they never asked permission of. any one to use the shore.

The testimony falls short of establishing an exclusive use by the appellants; at most it establishes only a use in common with the general public. This is not sufficient. "The acts of *user and ownership* relied on, must be such as comport with the title or claim of one asserting ownership against all the world, and not such as may be done with impunity by any and all persons in common with him who claims to be the real owner." *Gittings v. Moale,* 21 Md. 135, 148; *Thistle v. Frostburg Coal Co.,* 10 Md. 129, 130; *Malone v. Long, supra.* The more decisive acts of building a fishhouse and erecting a fence are quite recent; there is no evidence to support exclusive possession for the statutory period. The statements attributed to Conkle do not aid the appellants' case. "Occupancy merely under a parol gift is not possession under color of title." *Walsh v. McIntire, supra,* 68 Md., page 415, 13 A. 350.

It follows that the appellee having proved a papertitle to an undivided one-half of the property, and the appellants having failed to establish a title by adverse possession, the appellee is entitled to recover for the one-half interest he has established. We shall accordingly remand the case with directions that judgment be entered for such interest, unless the appellee shall, within a period to be fixed by the lower court, move for further hearing with leave to both parties to take additional testimony to determine whether Mrs. Wieneke inherited her mother's interest in the property.

> *Judgment reversed and remanded, with costs.*