## GORE *v.* HALL, EXECUTRIX, ET AL.

[No. 76, October Term, 1954.]

*Decided March 22, 1955.*

*Motion for rehearing, filed April 13, 1955, denied, but opinion modified, April 20, 1955.*

*Frederick P. McBriety,* for appellant.

Submitted on brief by *V. Calvin Trice* and *Harrington & Thompson,* for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This is an action of trespass *quare clausum fregit* instituted in the Circuit Court for Dorchester County by Oliver R. C. Gore against Cassell C. Hall, J. Wilbur Jarrett, Edwin L. Linthicum and Samuel W. Linthicum to establish his title to a parcel of timberland in Dorchester County and to recover damages for timber cut and removed therefrom.

The parcel in dispute contains 14 acres and is a part of a tract of 50 acres known as "Roberson's Range," for which a patent was issued by the Land Office of the Province of Maryland to Charles Roberson in the year 1714. The parcel was claimed by Hall under a paper title from Samuel W. Linthicum.

Three of the defendants, Hall and the two Linthicums, died before the trial of the case. Their personal representatives were substituted as defendants.

The case was tried before the Court without a jury. At the close of plaintiff's case, three of the defendants, Jarrett, Louise A. Linthicum, administratrix of the estate of Edwin L. Linthicum, deceased, and Ethel D. Linthicum, administratrix of the estate of Samuel W. Linthicum, deceased, moved for directed verdicts on the ground that there was no evidence of any trespass by Jarrett or the Linthicums on the parcel in dispute. The Court granted their motions, and heard the case against the only remaining defendant, Eloise L. Hall, executrix of the estate of Cassell C. Hall, deceased.

Plaintiff claimed that in 1890 his brother, William Gore, now over 84 years old, inherited the parcel from their father, Edward Gore; that in October, 1911, his brother conveyed it to Frederick W. Josenhans and wife; that on December 31, 1923, Katherine Josenhans, widow, conveyed it to him; that on January 1, 1929, he conveyed it to Hudson Seal Fur Company, a Delaware corporation, and on the same day that corporation reconveyed

it to him by mortgage; and that after default by the corporation the parcel was sold to him at public auction and was conveyed to him on July 31, 1934.

At the outset plaintiff sought to prove that he had record title to the parcel. He asserted that the description in the deeds of 1923, 1929 and 1934 is the same as that in the patent issued by the Land Office in 1714. The trial judge, however, found that the record title was not sufficient to warrant a verdict in his favor.

Plaintiff then undertook to show that he was entitled to the parcel by adverse possession. The trial judge held (1) that plaintiff's brother had not acquired title by adverse possession during the period of 21 years from 1890 to 1911, as W. Alvin Linthicum, through whom Jarrett claimed title, had put some buildings on the parcel more than fifty years ago and had cut some timber from the land; and (2) that plaintiff himself had not acquired title by adverse possession because he never occupied the parcel for twenty consecutive years. The judge accordingly found in favor of defendant, Eloise L. Hall, executrix of the estate of Cassell C. Hall, deceased. From the judgment entered in favor of all four defendants, plaintiff appealed to this Court.

We affirm the action of the trial judge in granting the motions for directed verdicts in favor of Jarrett, Louise A. Linthicum, administratrix of the estate of Edwin L. Linthicum, deceased, and Ethel D. Linthicum, administratrix of the estate of Samuel W. Linthicum, deceased, because there is no testimony whatever in the appendix to appellant's brief, and we were not convinced that the trial judge erred in those rulings.

Appellees filed a motion to dismiss the appeal on the ground that appellant failed to include any of the testimony in the appendix to his brief. On many occasions we have emphasized that Rule 39 of the Rules of the Court of Appeals requires that the appendix to the appellant's brief shall contain "such parts of the record as he desires the Court to read." *Seybolt v. Baber,* 203 Md. 20, 97 A. 2d 907; *Schwartzman v. Payne,* 203 Md.

256, 100 A. 2d 23; *Gmurek v. Kajder*, 203 Md. 437, 101 A. 2d 204.

We will not dismiss this appeal, however, because it can be seen from the trial judge's opinion, which has been printed in its entirety in the appendix, and from the testimony which has been printed in appellant's brief, that appellant is entitled to the parcel in dispute. It is true that none of the deeds have been reproduced in the appendix, and therefore the question of appellant's record title cannot be determined. However, it is possible to decide the issue of title by adverse possession.

In order to establish title to land by adverse possession under the Statute of 21 James I, ch. 16, which is in force in Maryland, the claimant must show that such possession was actual, notorious, exclusive, hostile, under claim of title or ownership, and continuous or uninterrupted for the period of twenty years. 2 *Alexander's British Statutes, Coe's Ed.*, 599-616; *Peper v. Traeger*, 152 Md. 174, 181, 136 A. 537; *Tamburo v. Miller*, 203 Md. 329, 100 A. 2d 818.

We need not consider the first point made by the trial judge that plaintiff's brother had not acquired title by adverse possession during the period from 1890 to 1911. We think it is clear that plaintiff himself acquired title by adverse possession since December 31, 1923.

We acknowledge that in order to establish adverse possession of unenclosed timberland, evidence of the cutting and hauling of timber therefrom is not of itself sufficient, because such acts might be nothing more than successive trespasses. *Malone v. Long*, 128 Md. 377, 97 A. 643. But we think it appropriate to stress the fact that there is a difference between a party who claims land under color of title and enters upon it in good faith and a mere wrongdoer. The *bona fide* claimant acquires possession to the extent of the boundaries claimed in his title, whether it is valid or not. Color of title is that which in appearance is title, but which in reality is not good and sufficient title. The paper title, in order to give color, must be so far *prima facie* good in appearance as

to be consistent with the idea of good faith on the part of the party entered under it. *Baker v. Swan's Lessee,* 32 Md. 355, 358.

In this case appellant claimed good record title, and he introduced in evidence a copy of the patent issued by the Land Office in 1714 and copies of a number of deeds recorded in the land records of Dorchester County. As we have said, we have not made a decision on these conveyances, but in any event it is entirely clear that appellant had at least color of title. Moreover, appellant, in addition to cutting timber, built a garage on the land and erected a fence around the garage.

The decisive question in this case is whether adverse possession was continuous during the period from December 31, 1923, to the time of the institution of suit in 1950. It is unquestionable that where different persons enter upon land in succession without any privity of estate, the last possessor is not allowed to tack the possession of his predecessors to his own, so as to make out a continuity of possession sufficient to bar the entry of the owner. The reason for this rule is that the possession of the one is not that of the other, because the moment the first occupant quits possession, the constructive possession of the owner is restored, and the entry of the next occupant constitutes him a new disseisor. On the other hand, where there is privity of estate btween the successive parties in possession, the possession of such parties may be tacked so as to make the twenty years required by the Statute of Limitations. The law is clear that such privity may be created by a sale and conveyance and possession under it as well as by descent. *Hanson v. Johnson,* 62 Md. 25, 31, 32; 2 *Alexander's British Statutes, Coe's Ed.,* 612, 613.

In this case, the parcel in dispute was held by appellant for five years, then by Hudson Seal Fur Company for over five years, and then by appellant again for 16 years. These possessions made a continuous adverse possession of approximately 26 years. Under such cir-

cumstances the possession gave appellant title to the property.

Appellees questioned whether the parcel in dispute can be acquired by adverse possession since it is a portion of a tract of land acquired by a patent from the State in 1714. They relied on an old statute of limitations, Laws 1818, Ch. 90, Code 1951, Art. 57, sec. 10, which provides that when land is acquired from the State under a warrant, any person may give evidence of his possession thereof, and if it appears that he and those under whom he claims have held the land in possession for twenty years, such possession shall be a bar to all right or claim derived from the State under the patent; but with the proviso that "nothing herein contained shall apply to any warrant laid before the 26th day of January, 1819". That statute has no application to the present case. The decision in *Gray v. Gray*, 178 Md. 566, 577, 16 A. 2d 166, which was an appeal from the Commissioner of the Land Office and dealt with conflicting claims under two patents, is not a precedent here.

In the Court below plaintiff was given an opportunity to offer evidence as to the damages suffered by him, but he stipulated that he asked only nominal damages.

> *Judgment in favor of Eloise L. Hall, executrix of the estate of Cassell C. Hall, deceased, reversed and judgment entered in favor of plaintiff for one cent damages and costs.*
>
> *Judgment in favor of J. Wilbur Jarrett affirmed, with costs.*
>
> *Judgment in favor of Louise A. Linthicum, administratrix of the estate of Edwin L. Linthicum, deceased, affirmed, with costs.*
>
> *Judgment in favor of Ethel D. Linthicum, administratrix of the estate of Samuel W. Linthicum, deceased, affirmed, with costs.*