Submit order accordingly.

**In re Residential Properties, Inc., Debtor-in-Possession.**

**RESIDENTIAL PROPERTIES, INC.**

v.

**Hugh E. TAYLOR, Sr. and Hugh E. Taylor, Jr.**

Civ. A. No. T–78–1173.

United States District Court, D. Maryland.

April 20, 1979.

Francis N. Iglehart, Jr., Towson, Md., for appellants.

Jay I. Morstein, Baltimore, Md., for appellee.

THOMSEN, Senior District Judge.

This is an appeal from an order of Bankruptcy Judge Kaiser which held: (1) that Residential Properties, Inc. (Residential), Debtor-in-Possession, owns in fee simple

---

3.67 acres of land in Harford County, Maryland, to which defendants Hugh E. Taylor, Sr., and Hugh E. Taylor, Jr., also claim ownership by deed and by adverse possession, and (2) that the Taylors and any persons claiming under them have no estate, right, title, lien or interest in or to said property and that they be enjoined from asserting any adverse claims to Residential's title to said 3.67 acres. The Taylors appealed from that order. Both sides agreed that this court should decide the issues of title and adverse possession on the record before Judge Kaiser and additional testimony taken and stipulations and exhibits filed by the respective parties.

A sketch attached to this opinion shows the disputed 3.67 acres (a trapezoid, marked ABCD) and the surrounding areas, all relevant parts of which are owned by the Taylors or Residential, except the property beyond the AB line on the sketch.

At the hearing on appeal the parties stipulated that Residential holds record title to the area in dispute.[1] The claim of the Taylors is based on adverse possession.

The Maryland law, which controls this case, is clear. In *Goen v. Sansbury*, 219 Md. 289, at 294–96, 149 A.2d 17, at 20–21 (1959), Judge Hammond states:

> The principles of law that control the case are well established. The Pumphreys showed a valid record title to the area in controversy and that they were in actual possession of a part of the whole land described in their deed. Mrs. Sansbury showed but color of title. Generally, one who has color of title, like one who

has actual title, has constructive possession of the land within the outlines of his title, although he actually occupies only a part of it. However, one who enters upon the land of another, though under color of title, gives no notice to that other of any claim, except to the extent of his actual occupancy. Thus, if a true owner be in actual possession of part of the whole land to which he has record title, he is in constructive possession of all of the land which is not actually possessed by another who claims through color of title, and this although the owner's actual possession is not within the limits of the land claimed by the other. This result has been reached by the cases because both parties cannot be seised at the same time of the same land under different titles, and the law adjudges, therefore, the seisin of all that is not in the actual occupancy of the adverse party to him who has the better title.

\*   \*   \*   \*   \*   \*

It is true that in determining whether there has been actual possession of property, there must be considered its character and locality, and the uses and purposes for which it is naturally adapted, since possessory acts of an outlying and uncultivated piece of land may be proved by acts of ownership somewhat different from those required with regard to land under enclosure and actual cultivation. *Bloodsworth v. Murray*, 138 Md. 631, 645, 114 A. 575, 22 A.L.R. 1450; *Gunby v. Quinn*, 156 Md. 123, 130, 142 A. 910. Compare *Gore v. Hall*, 206 Md. 485, 112 A.2d 675, where it was noted that in order to establish adverse possession of

---

1. The title problem runs back to two land patents from the State of Maryland, one to a predecessor in title of Residential and one to a predecessor in title of the Taylors. Both patents included the disputed area. In 1860 the predecessors in title of Residential and of the Taylors, respectively, executed a "swap" of parcels, under which the 3.67 acres now in dispute went to Residential's predecessor in title. The 3.67 acres have been included in all deeds to or from Residential's predecessors, including the deed to Residential. For some unexplained reason, the 3.67 acres appear in a deed in 1920 from one of the Taylors' predecessors in title to the Taylors' immediate predecessor, and was included in the deed to Taylor, Sr., et ux.

unenclosed timber land, the evidence of cutting and hauling timber therefrom is not of itself sufficient because such acts might be nothing more than successive trespasses.

A recent case, *Horning v. Hardy*, 36 Md. App. 419, at 423–24, 373 A.2d 1273, at 1276–77, *cert. denied*, 281 Md. 739 (1977), summarizes the Maryland law and deals with facts generally similar to those in the case at bar, and shows the burden on the party claiming by adverse possession.

This court finds from the evidence that Taylor, Sr., believed in good faith that he had title to the 3.67 acres in dispute, but that he did not make such use of that area as to establish ownership thereof by adverse possession. His cattle and other livestock wandered into that area from time to time, and during short periods he cut some timber in various wooded areas along the edges of his own property, no doubt occasionally crossing his boundary lines, but not with such regularity or frequency as to meet the tests of the Maryland cases. Bits of barbed wire are now to be found in various parts of the area. Who put them there and why has not been proved. The court further finds that if the Taylors placed any barbed wire in the woods, it was to keep their livestock from wandering into the woods, and not to keep others out.

The evidence further shows that members of the family of Residential's grantors collected decorative greenery in their woods each year around Thanksgiving or Christmas; how often they proceeded as far as the 3.67 acres is not clear, but they found no barbed wire along the lines BC or CD on the sketch attached to this opinion, although they did find barbed wire along the line (which includes AB) separating their property from that of the owner of the farm which abuts both their property and the property of the Taylors.

Under these facts and the applicable law, judgment must be rendered in favor of Residential Properties, Inc.

FIELD OWNED
BY A THIRD PERSON

PART OF THE PROPERTY OWNED BY
RESIDENTIAL PROPERTIES
(FORMERLY OWNED BY GETTINGS)
ALL SHOWN HEREON IS WOODED

B

3.67 A.
DISPUTED AREA
ALL WOODED

C

LIGHTLY WOODED
(TAYLOR)

D

TAYLOR PROPERTY,
OPEN FIELDS

POND

EDGE OF WOODS

TAYLOR HOME

TAYLOR PROPERTY